Duvall Transfer and Delivery Service

*v.*

William K. Beaman, a Minor by Next Friend, and
William O. Beaman.

403 S.W.2d 315

(*Jackson,* April Term, 1966.)

Opinion filed May 6, 1966.

350

HUNTER K. COCHRAN and MAX B. LUCAS, Memphis, COCHRAN & CAREY, Memphis, of counsel, for plaintiff in error.

CECIL G. KELTNER and J. E. MADDEN, Memphis, for defendants in error.

Mr. Chief Justice Burnett delivered the opinion of the Court.

This is an automobile accident case. William K. Beaman through his father and next friend instituted a suit against the Duvall Transfer and Delivery Service for personal injuries. The father likewise sued for medical expenses and loss of services. The case was tried to a jury, and that body returned a verdict in favor of the boy for $6,800.00 and in favor of the father for $3,500.00. Both verdicts were approved by the trial judge and on appeal the Court of Appeals affirmed. Thus it is, we have a petition for certiorari on behalf of the Transfer and Delivery Service.

The plaintiff, William K. Beaman, was riding in the second seat on a motor scooter operated by his friend, John Thomas Clark, aged 15, and they were traveling east on Davant Street in Memphis, Tennessee. Davant Street is 28 feet wide. The proof shows that this motor scooter was stopped at the intersection of Lauderdale Street before proceeding eastward across the intersection and

down Davant Street. A delivery truck, owned by the petitioner and driven by one Fredrick Rideout, pulled out from the north curb of Davant Street across the center line over into the eastbound lane of traffic and collided with the motor scooter. The motor scooter laid down skid tracks for about 37 feet.

The driver for the delivery service told the investigating officers at the time that he was driving west on Davant and had parked along the north curb to make a delivery of a package at that address; that after his "hop boy" returned to the truck he, the driver, because there was a parked car immediately in front of him, pulled out to his left to pass the parked vehicle; that he simply did not see the two boys on the motor scooter until they were almost directly in front of his truck. The motor scooter was almost demolished. The driver of the motor scooter was not severely injured, nor was the driver of the truck. The Beaman boy sustained a fractured leg. There was debris in the street which indicated that the point of the impact between the motor scooter and the panel truck was about 8 feet north of the south curb of Davant Street. The motor scooter struck the front bumper of the truck.

At the trial of the case the Clark boy, who was operating the motor scooter, testified that he was looking straight ahead when the driver of the truck pulled out from the north curb of Davant Street and angled southwestwardly across Davant Street into the eastbound lane of traffic. He further testified that there was no automobile parked along the north curb directly in front of the truck. He testified, too, that he was going between 20 and 25 miles per hour. On cross-examination he was given a statement which he had signed which attempted to contradict his testimony. All this was considered by the

jury, and they by their verdict have determined this question as to whether or not his testimony on direct examination was sufficiently contradicted as to make his statements at the trial unbelievable.

It is argued that even though the jury did believe this testimony of the operator of the motor scooter that he was not guilty of any negligent acts, but that his acts still could have been an independent cause of the accident.

A careful reading of this record convinces us that the driver of the truck pulled away from the north curb of Davant Street out into the middle of Davant and over into the eastbound traffic lane and collided with the oncoming motor scooter. The panel truck was headed southeastward. The driver of this truck gave no satisfactory reason to the jury, nor is there any satisfactory reason shown by his evidence herein, as to why his panel truck would be so far across the center line and over into the eastbound lane of traffic. We think the evidence fully supports the verdict of the jury.

■ There are numerous assignments of error herein leveled at certain portions of the charge of the court and as to certain questions propounded by plaintiffs' counsel to the driver of the truck in reference to having shaved off a goatee on the final day of the trial which he had worn at the time of the trial. The trial judge correctly charged the jury and sustained exceptions to these questions, and it cannot be said that there is any error herein by reason of the fact that this driver of the truck was asked if he didn't have a goatee. It is up to the jury to take all these things into consideration in weighing the evidence of these two boys and the evidence of the driver of this truck as to whether or not he had some ulterior motive in

shaving off this goatee prior to the time he came to trial before a jury. We are well satisfied that under this record there is more than ample evidence to sustain the verdict.

One of the assignments herein though, and only one, must be considered by us in view of the recent holding of this Court in the case of *Powell by next friend et al. v. Hartford Accident and Indemnity Company et al.,* Madison Law, released for publication on January 14, 1966, 217 Tenn. 503, 398 S.W.2d 727. It is assigned as error that the trial judge erred in charging the jury, as follows:

"Gentlemen of the Jury, I charge you that the minors in this case are chargeable with that degree of care that a person of like age, capacity, knowledge and experience might be expected ordinarily to exercise under the same circumstances. If that minor measured up to that standard, then he would not be guilty of negligence; but if he fell below it, then the minor would be guilty of negligence."

We, in the *Powell* case for the first time, have decided in a divided opinion that it is the law in this State now that when a minor has a permit to operate one of these vehicles and does so he is liable for the same degree of care as an adult. This being true, it is obvious that the charge quoted above is erroneous when applied to the host (Clark). It was unnecessary to give any instruction as far as Clark was concerned. He was not a party one way or the other to this action other than being a witness. This charge, if it was confined alone to the plaintiff, Beaman, would be a correct charge because one riding as a guest with another minor is still only chargeable with that degree of care of a person of like age, etc., as said in this charge. This record shows that it was seriously

contended that the negligence of the minor, Clark, who was operating the motor scooter, was the proximate cause of this accident or so contributed to it as to make the operator of the truck free from negligence.

The question obviously is, does this erroneous instruction by using the word "minors" in the instruction which applies to both Clark, who was operating the motor scooter, and his guest, Beaman, constitute reversible error when the minor, Clark, is not a party-defendant to this action?

■ When a guest on a motor scooter is injured by the combined negligence of his host, Clark, and the truck of the transfer company, and such combined negligence is the proximate cause of the accident, action will lie on behalf of this guest against his host, Clark, and the truck company, or either of them. *Tenn. Central R. Co. v. Vanhoy,* 143 Tenn. 312, 226 S.W. 225.

■ Where the trucking company relies upon the contributory negligence of the guest on the motor scooter, who was injured in the collision between the motor scooter and the truck, the burden of proving such contributory negligence is on the trucking company, and, in the absence of such proof, the presumption that the guest exercised due care for his own safety prevails. *Tenn. Central R. Co. v. Herb,* 134 Tenn. 397, 183 S.W. 1011.

■ The negligence of Clark, the operator of the motor scooter, is not imputable to his guest, Beaman, *Gulf, Mobile & Ohio R. Co. v. Underwood,* 182 Tenn. 467, 187 S.W.2d 777; *Schwartz v. Johnson,* 152 Tenn. 586, 280 S.W. 32, 47 A.L.R. 323; and *Stem v. Nashville Interurban Ry.,* 142 Tenn. 494, 221 S.W. 192.

A guest, as the Beaman boy was, is charged with the duty of exercising ordinary care for his own safety. *Louisville & Nashville R. Co. v. Anderson,* 159 Tenn. 55, 15 S.W.2d 753.

All of these principles of law just annunciated were correctly charged by the trial judge in this case. The trial judge charged the jury, among other things, if they found from the evidence that the Beaman boy was injured as a direct or proximate result of one or more of the acts of negligence by the trucking company and that Beaman was guilty of no negligence that directly and proximately contributed to bring about his own injuries, then the jury was to find for the plaintiffs in the case. This charge, of course, since Clark was not sued and the trucking company was sued alone, was an applicable and clear charge. If the trucking company was guilty of negligence which the proof here showed and the jury so found, its negligence was actionable to such an extent as would cast liability on it even though the operator of the motor scooter might have likewise been guilty of negligence. Since the operator of the motor scooter was not sued herein the mere fact that the operator of this motor scooter was guilty of negligence does not release the trucking company from liability herein if it was one of the tort feasors, and the courts below have so found based on proper evidence, because when one is injured by joint torts of two or more it is not necessary that all be sued, but one alone may be sued, and if the negligence of this one sued was a proximate cause of the injuries then there is liability.

The argument is made, too, and was made in the Court of Appeals, that the negligence of the operator of the motor scooter was an intervening cause which had the effect of, so to speak, cancelling the negligence of

the truck in backing out into the wrong side of the street and which was first set in motion by the trucking company and in and of itself, that is the operation of the motor scooter, produced the actionable result. This record does not present such a situation. We have here at most under this record concurrent acts, cooperating to produce the result. There are not two distinct causes of action but one continuous cause and the mutually contributing acts of negligence on the part of the trucking company and the operator of the scooter produced the injuries, and thus they are separate causes to the extent that either is liable and the liability of the one does not depend upon the actions of the other. The contributory negligence of the operator of the motor scooter did not interrupt the sequence of events set in motion by the operator of the trucking company. These acts of the operator of the motor scooter merely concurred with the wrongful acts of the trucking company ''so as to constitute in point of time and effect what was essentially one transaction.'' Under such a situation the Supreme Court of the United States in *Miller v. Union Pacific Railroad Co.*, 290 U.S. 227, 54 S.Ct. 172, 174, 78 L.Ed. 285, 291, has well stated the applicable rule to apply under such situations as are here involved when that court said:

''The rule is settled by innumerable authorities that if, injury be caused by the concurring negligence of the defendant and a third person, the defendant is liable to the same extent as though it had been caused by his negligence alone. 'It is no defense for a wrongdoer that a third party shared the guilt of the same wrongful act, nor can he escape liability for the damages he has caused on the ground that the wrongful act of a third

party contributed to the injury.' Citing many authorities.''

 We thus reach the conclusion that unquestionably under our statute (T.C.A. sec. 27-117) the judgment should not be reversed because of this erroneous instruction since it affirmatively appears that this error would not affect the result. See many cases cited in the footnotes to this Code Section.

Thus, after carefully reading this record, hearing oral arguments, we are well satisfied that the judgment of the Court of Appeals is correct and there is no reversible error in this record. Thus it is the judgment below must be affirmed with costs.