Tim BROWN, by next friend and father, Terry Brown, and Terry Brown, Individually, Plaintiffs–Appellants,

v.

Tom SMITH, Defendant–Appellee.

Court of Appeals of Tennessee, Western Section.

May 27, 1980.

Rehearing Denied July 11, 1980.

Certiorari Denied by Supreme Court Sept. 2, 1980.

L. L. Harrell, Sr., Billy R. Barron, Harrell & Harrell, Trenton, for plaintiffs–appellants.

John F. Kizer, Kizer & Bonds, Milan, for defendant–appellee.

EWELL, Judge.

This is a truck–motorcycle accident case. Tim Brown, a minor, through his father and next friend, Terry Brown, instituted suit against Tom Smith for personal injuries. The father likewise sued for medical expenses. The case was tried to a jury, and that body returned a verdict in favor of the defendant. The verdict was approved by the Trial Judge who overruled plaintiffs' motion for a new trial; and plaintiffs have timely perfected their appeal to this Court.

On June 18, 1977, Tim Brown, age twelve, was riding as a guest passenger on a motorcycle driven by his step–uncle, Richard Brown, age fifteen, on Kaye Road in rural Gibson County. The motorcycle met and attempted to pass in a ninety degree turn a GMC pickup truck being driven in the opposite direction by Tom Smith. The road was relatively narrow and surfaced with loose gravel. The truck and motorcycle collided, and Tim Brown was injured. Plaintiffs insist that the defendant was negligent in that he failed to pull his truck to the right hand side of the road in order to yield a portion of the road to the motorcycle. The defendant denied negligence on his part and alleged that the cause of the accident was the negligence of Richard Brown in operating the motorcycle and the contributory negligence of Tim Brown. Defendant also pled assumption of risk and the violation of certain statutes.

In our disposition of this case it is not necessary to detail the evidence offered at trial. It is enough to say that the determinative issues were the negligence, if any, of the defendant and the contributory negligence, if any, of the plaintiffs or either of them. On appeal plaintiffs present for our review the following insistence:

The Court erred in its supplemental charge to the Jury in regard to the standard of care and caution required of a minor guest passenger on/in a motor vehicle, in that the charge was erroneous according to law, and that it affirmatively affected the results of the trial.

In his charge in chief the Trial Judge instructed the jury, in part, with respect to the alleged contributory negligence of Tim Brown as follows:

The plaintiff, Tim Brown, has been accused of contributory negligence in this action and you must determine whether this accusation is true. *A matter (sic:minor) will not be held to the standard of care imposed on adults, rather he is charged with such care as a reasonably prudent person of like age, capacity, knowledge and experience would be expected ordinarily to exercise. The law presumes that one between the ages of 7 and 14 is incapable of negligent conduct but you may determine that the evidence has counterbalanced that presumption and find that the minor plaintiff is guilty of contributory negligence.* (emphasis added)

After the jury retired to deliberate, Mr. Kizer, attorney for the defendant, made certain objections to the Court's charge; and the record reflects the following exchange.

"MR. KIZER: .... Secondly, we also want to object to Your Honor's instruction with reference to negligence of a minor because it was held in Power v. Hartford Life, an accident (sic:and Accident) in 398 Tennessee, a case in Judge Taylor's court, that one operating a motor vehicle has the same degree of care as an adult. I think that would apply to one who was riding on it.

THE COURT: I'm inclined to agree with that.

MR. KIZER: We want to object to that part of Your Honor's charge.

THE COURT: Let that jury come back in.

(WHEREUPON, the jury returned to open court for further instructions from the Court.)

THE COURT: The point he is making, Mr. Harrell, is that other courts have held

that the operator of a motor vehicle in Tennessee, regardless of age, is held to the same standards of care as an adult.

MR. HARRELL: The operator but I'm talking about a guest passenger.

THE COURT: I think it would be true if he's a voluntary passenger.

MR. HARRELL: Please note our exception.

THE COURT: Yes, sir. Very briefly, ladies and gentlemen, two points that I wish to cover. First is that the mere riding of a passenger on a motorbike, that standing alone, is not to be considered an assumption of any risk inherent in doing it. And, secondly, that, *in Tennessee, the operator, a minor, that is, a person under the age of 18, who operates a motor vehicle is held to the same standard of conduct, the same standard of care and caution as an adult. And that would be true likewise of a passenger of a motor vehicle who voluntarily assumes to ride it. So, in this case, all these parties are held to the same standard of care and caution.* I thought that, perhaps, as a result of the charge I gave you with respect to the duties of a minor, that there might be some misunderstanding in your mind about it. *All of them had the same duty of care, regardless of age.*" (emphasis added)

After further deliberation the jury returned to open Court where the following occurred:

"FOREMAN: We find neglect on both sides. If that answer is not acceptable, we'll have to retire for further deliberation.

THE COURT: All right, ladies and gentlemen, the foreman reports that you find that each party was negligent and do you dismiss the plaintiff's action for that reason?

(Jury members respond affirmatively.)
THE COURT: So say you all? Please

raise your right hand if that's the verdict of each one of you. Court dismissed."

We find that the Trial Judge in his charge in chief properly instructed the jury as to the standard of care imposed upon Tim Brown, a minor twelve years of age; and that the instruction given in the supplemental charge was clearly erroneous. It is apparent that the supplemental charge amounted to an extension of the holding of the Supreme Court in the case of *Powell v. Hartford Accident Indemnity Co.*, 217 Tenn. 503, 398 S.W.2d 727 (1966) which involved the minor operator of a motor scooter. In *Powell* the Supreme Court first held that a minor operating a motor vehicle on the public highways of this state is charged with the same standard of care as an adult person. The Supreme Court, however, has expressly declined to extend that standard to a minor guest passenger. See *Duvall Transfer and Delivery Service v. Beaman*, 218 Tenn. 348, 403 S.W.2d 315 (1966) and *Houser v. Persinger*, 57 Tenn.App. 401, 419 S.W.2d 179 (cert. den. 1967). Tim Brown as a guest passenger was charged with that degree of care ordinarily exercised by a person of like age, discretion, knowledge and experience as stated in the charge in chief.

On this record we are of the opinion that the minor plaintiff was materially prejudiced by the erroneous supplemental charge to the jury; and since the alleged contributory negligence of the minor plaintiff was a principal issue in the case, it does affirmatively appear that such error affected the results of the trial. T.C.A. 27–117. Therefore, it is the obligation of this Court to reverse and remand for consideration by a jury under proper instructions.

Accordingly, the judgment in favor of defendant is reversed, and the case is remanded for a new trial. Costs of appeal are adjudged against the defendant, Tom Smith.

MATHERNE and NEARN, JJ., concur.

## OPINION AND ORDER ON PETITION TO REHEAR

■ Defendant–appellee has timely filed a Petition to Rehear complaining that this Court in its Opinion and Judgment gave no consideration to the binding effect of the jury verdict on the plaintiff–appellant, Terry Brown, father, in his individual claim for medical expenses and insisting that our failure to affirm the judgment below against Terry Brown constitutes an error in law and fact. Since in our original Opinion we failed to address directly this issue, we will do so at this time.

Defendant throughout this litigation has insisted that the plaintiff, Terry Brown, was guilty of contributory negligence in knowingly permitting his twelve year old son, Tim Brown, to ride as a guest passenger on a motorbike operated in violation of the statutory law of this State. The motorbike was not equipped with crash bars as required by T.C.A. 55–9–301, formerly T.C.A. 59–933. At the time of the accident neither the driver nor the minor plaintiff was wearing a crash helmet as required by T.C.A. 55–9–302, formerly T.C.A. 59–934. The driver, Richard Brown, was a fourteen year old resident of Chicago, Illinois, who was not a licensed operator pursuant to T.C.A. 55–7–104(g), formerly T.C.A. 59–704(g). While in Tennessee a fourteen year old is eligible to obtain a special restricted license or permit to operate a motorbike, Richard Brown had not done so.

It is uncontroverted that each of the above statutes was being violated at the time of the accident, and it is clear that Terry Brown by the exercise of reasonable diligence would have been aware of each violation at the time he permitted his minor son to ride the motorbike as a guest passenger. However, there is no material evidence in the record from which the jury could have found that the violation of any one of these statutes was a proximate cause of the accident or injury. There was no proof as to where crash bars would have been located had the motorbike been so equipped or as to how crash bars might have provided protection to the injured left leg of Tim Brown under the particular circumstances of this accident. Since neither of the boys sustained a head injury, it does not appear that the failure to wear crash helmets was material. There was no proof that Richard Brown was other than a competent and qualified driver, although unlicensed.

■ The applicable rule was concisely stated by the Eastern Section of this Court in the case of *Chattanooga Ice Delivery Co. v. George F. Burnett Co.*, 24 Tenn.App. 535, 147 S.W.2d 750 (Tenn.App.1940, cert. den. 1941) as follows:

> It is not every violation of a statute that renders a person guilty of such contributory negligence as will bar his recovery on account of the negligence of another party. It is only when such violation of a statute is the proximate cause of the accident or injury that the party so offending is guilty of contributory negligence as a matter of law so as to bar his action. (cases cited)

Beyond the aforementioned statutory violations, a thorough review of the record discloses no material evidence which would support a finding of proximate contributory negligence on the part of Terry Brown, individually. It is not suggested that the driver, Richard Brown, half–brother of Terry Brown, was an immature or irresponsible person, or that he had been driving the motorbike in a reckless manner. Further, there is no proof that the motorbike was not in good condition or not adequately constructed or equipped to carry two riders.

For the foregoing reasons we find no error in law or fact in our reversal of the judgment of the Trial Court as to both plaintiffs and the remanding of the case for a new trial as to all parties. Therefore, defendant's Petition to Rehear is denied at his cost.

MATHERNE and NEARN, JJ., concur.