ANDERSON v. CARTER.—118 S. W. (2d) 892.

Western Section. October 29, 1937.

Petition for Certiorari denied by the Supreme Court, February 2, 1938.

Frazer & Clifton, of Memphis, for plaintiff in error.

Harry Barnett and Louis Peiser, both of Memphis for defendant in error.

SENTER, J. The parties will be referred to. as in the Court below, James Carter, Plaintiff, and H. H. Anderson, Defendant.

This suit grows out of an automobile collision occurring at the intersection of West Iowa and Arkansas Streets in the city of Memphis on September 20, 1935, resulting in serious personal injuries sustained by plaintiff. In addition to common law negligence on the part of the defendant, plaintiff also plead the violation of certain city ordinances then in force in the city of Memphis. The defendant filed a plea of the general issue of not guilty and also a plea of contributory negligence, and in addition thereto especially plead the violation by plaintiff of certain city ordinances then in force in the city of Memphis. The case was tried to a jury resulting in a jury verdict in favor of plaintiff and against the defendant for the sum of $1,000. A motion for a new trial by the defendant was overruled. From the action of the Court in overruling his motion for a new trial and in rendering judgment on the jury verdict, the defendant has appealed in error to this Court. At the conclusion of all the evidence the defendant moved the Court for a directed verdict in his favor. This motion was overruled and to the action of the Court in overruling his motion for a directed verdict the defendant excepted.

By the five assignments of error it is contended, first, that there was no evidence to support the verdict of the jury; second, there is no material evidence to support the verdict of the jury; third, the verdict of the jury and the judgment thereon are against the weight and preponderance of the evidence; fourth, the Court erred in refusing to grant defendant's motion made at the conclusion of plaintiff's proof, that the Court direct a verdict for the defendant; fifth, the Court erred in refusing to sustain defendant's motion for a directed verdict in his favor, made at the conclusion of all the proof.

It will thus be seen that under the assignments of error only two questions are presented. First, that there was no material evidence showing proximate negligence upon the part of the defendant. Second, that the collision was the result of the negligence, or contributory negligence, on the part of plaintiff which would go in bar of any recovery. This involves a consideration of facts as disclosed by the record with reference to the collision. There is material evi-

dence that at the time of the collision the defendant was driving west on Iowa Street at a rate of speed of about 40 miles per hour and was driving at that rate of speed at the time of the collision. The city ordinances of the city of Memphis provide that Iowa Street is a preferred street and that traffic travelling on the intersecting street, Arkansas, shall come to a full stop before entering the street intersection, and shall not proceed to drive onto Iowa Street until it is reasonably safe to proceed. The ordinances of the city of Memphis also provide that the speed limit on Iowa shall not be in excess of 25 miles per hour. These ordinances were especially plead by the respective parties, and were properly proved. There is very little conflict in the evidence as to the actual happening of the collision and the injuries resulting to planitiff therefrom, except the defendant denied that he was driving in excess of the speed limit as provided by the ordinance. It also appears that the plaintiff was driving north on Arkansas Street, that as he approached the street intersection where Arkansas crossed Iowa he was driving at a moderate rate of speed. He did not bring his automobile to a full stop before entering the street intersection. He reduced his speed to about 5 miles per hour and then proceeded to enter Iowa when the rear end of his automobile was struck by the automobile driven by the defendant, and plaintiff's car was knocked 20 or 25 feet west by the force of the collision and plaintiff was thrown out of his car sustaining the personal injuries complained of. Plaintiff had almost completed the crossing and was near the north side of the street intersection at the time the car driven by him was struck by the car driven by defendant.

For appellant it is contended that paintiff was guilty of negligence per se in violating the city ordinance then in force in Memphis, by entering the street intersection without bringing his car to a full stop as provided by the ordinance, and entering the street intersection without first ascertaining that it was safe to cross Iowa, the preferred street, and that his contributory negligence in violating the city ordinance was one of the proximate, direct, and efficient causes of the collision and that this is true as a matter of law. In support of this contention appellant cites and relies upon several cases. Bejach v. Colby, 141 Tenn. 686, 214 S. W. 869; Mese v. Summers, La. App., 170 So. 510; Blinder v. Monaghan, 171 Md. 77, 188 A. 31; St. Mary's Academy v. Newhagen, 77 Colo. 471, 238 P. 21, and other cases.

These cases and numerous others support the rule that a person cannot rush heedlessly into an obvious danger from which an injury results to him and recover for the injury. The rule on this subject is well stated in the case of Bejach v. Colby, supra, wherein the Court states (page 870):

"It is well settled by our decisions that contributory negligence is, when it proximately contributes to the infliction of the injury, a bar to an action, unless otherwise provided by statute. This is true because a person cannot be permitted to rush heedlessly into an apparent danger from which an injury brought about by his failure to exercise ordinary care. The rule at common law was, and in this state still is, that any negligence on the part of the plaintiff, which contributes directly to the injury will bar an action. Railroad v. Pugh, 97 Tenn. 624, 37 S. W. 555."

Under the rule as above stated contributory negligence that proximately contributes to the injury will bar a recover, notwithstanding the admitted proximate negligence of the defendant.

█ █ In the present case the plaintiff testified that when he approached this street intersection he brought his car down to a speed of about 5 miles per hour before entering the intersection, but did not bring his car to a full stop as required by the city ordinance then in force. It is too well settled to require the citation, of authorities that the violation of a city ordinance is negligence per se. However, it is equally well settled that unless the failure to observe the city ordinance contrbiutes either directly or remotely to the accident that it would not bar a recovery or even go in mitigation. The rule is further well settled that remote contributory negligence does not bar a recovery, but only goes in mitigation. Louisville & N. Railroad Company v. Cheatham, 118 Tenn. 160, 100 S. W. 902; Tennessee Cent. Railroad Company v. Page, 153 Tenn. 84, 282 S. W. 376; Bejach v. Colby, supra.

In the present case plaintiff testified that when he approached the street intersection and brought his car to a speed of about 5 miles per hour, and before entering the street intersection he looked to the east and west to see if he could safely proceed, that he saw the automobile which collided with him about 200 feet east of the intersection, travelling west on Iowa. Plaintiff did not testify as to the rate of speed at which the defendant's car was travelling when he observed it. He proceeded to enter the street intersection travelling at about 10 miles per hour and reached a point well beyond the center of the street intersection when his car was struck by the car of defendant. Paintiff's car was struck near the rear of his car by defendant's car. Other witnesses for plaintiff testified that the car driven by defendant was traveling at about 40 miles per hour as it approached and entered the street intersection.

█ █ The general rule is that the question of the contributory negligence of plaintiff, as well as the question of the negligence of the defendant, is one for submission to the jury under proper instruction by the Court. The exception to the rule is that where there is no conflict in the evidence, or where under all the evidence

reasonable minds could reach but one conclusion, and then it becomes a question of law for the Court. All reasonable inferences are to be resolved in favor of the jury verdict.

■■ Under the facts of the present case, when viewed most favorably to plaintiff's case, we cannot say that reasonable men could not agree as to whether the conduct of plaintiff constituted proximate negligence, so as to bar a recovery, or remote negligence which contributed to the accident. While it is true the plaintiff did not observe the city ordinance requiring him to bring his car to a stop before entering the street, yet this of itself, although negligence per se, did not, as a matter of law, constitute remote contributory negligence, but it remained for the jury to determine the question as to whether his failure to bring his car to a full stop before crossing the intersection constituted contributory negligence to the collision and resulting injuries. The jury could have reasonably reached the conclusion that if the automobile driven by the defendant was travelling at a rate of speed of approximately 40 miles per hour and was about 200 feet east of the street intersection when plaintiff entered the street intersection, that the violation by the defendant of the city ordinance of 25 miles per hour was the sole, proximate and efficient cause of the collision, notwithstanding plaintiff's failure to bring his car to a complete stop before entering and attempting to cross the street.

The injuries sustained by plaintiff were serious. The automobile in which he was driving was knocked 20 or 25 feet west by the force of the collision. He was thrown violently from the car to the street pavement, resulting in a concussion of the brain. He was taken to a hospital and remained unconscious for several days. During that time his condition was such that he became so violent that it became necessary to strap him to the hospital bed. He received surgical treatment and medical treatment. After he regained consciousness he was not entirely rational for a considerable period of time. During that time and up to the time of the trial he suffered from severe headaches. The medical expert's testimony tended to show that this condition, and the continued headaches, resulted from the injury sustained by him in the collision. The jury verdict was for only $1000, and considering the nature and extent and the seriousness of the injuries sustained by plaintiff would indicate that the jury verdict made allowance for remote contributory negligence.

There is no assignment of error that the verdict is excessive. There is no assignment of error directed to the charge of the Court. The learned Trial Judge gave a full, complete, and accurate charge to the jury on the question of proximate and remote contributory negligence. No additional instruction on this subject was requested by the defendant.

We are of the opinion that there was no error in the action of the learned Trial Judge in refusing to direct a verdict in favor of defendant at the conclusion of plaintiff's evidence and at the conclusion of all the evidence. We think there was sufficient evidence when viewed in the light of all the facts to warrant the submission of the issue to the jury. There is evidence to support the verdict. It is too well settled to require the citation of authority that the verdict of a jury, when concurred in by the Trial Judge, will not be disturbed on appeal if there is any material evidence to support the verdict.

It results that we find no error, and the assignments of error are accordingly overruled and the judgment of the lower Court will be affirmed.

The cost of this appeal will be paid by appellant and sureties on the appeal bond.

Ketchum, J., and Moss, S. J., concur.