**Horace EVANS, Plaintiff-Appellee,**

v.

**Raymond G. MAHAL and Keith Mahal, Defendants-Appellants.**

**No. 14610.**

United States Court of Appeals
Sixth Circuit.

March 7, 1962.

---

4. No. 18910, m/s Feb. 1, 1962, Mound Company v. The Texas Company, 5 Cir., 298 F.2d 905.

Robert B. Ray, Poore, Cox, Baker & McAuley, Knoxville, Tenn., for appellants.

J. D. Lee, Knoxville, Tenn., for appellee.

Before McALLISTER, CECIL, and WEICK, Circuit Judges.

PER CURIAM.

In an action for damages for negligence arising out of a collision between a truck in which appellee Evans was riding as a guest, and an automobile owned by one of the appellants, who was riding in it at the time of the accident while it was being driven by another appellant who was the son of the owner, the jury brought in a verdict in favor of appellee, upon which judgment was entered. Error is claimed because of the failure of the district court to charge the jury on "remote contributory negligence" under the law of Tennessee, and it is claimed that, because of such error,

the jury, which could have mitigated the damages, rendered an excessive verdict.

The district court refused to charge the jury on remote contributory negligence, on the ground that it was not applicable to the case. The court, however, did charge that negligence was the failure to exercise ordinary care; that appellee, although a guest in the truck, was chargeable with the duty of exercising ordinary care for his own safety; that if on this occasion, or prior to this occasion, Mr. Berry, the so-called host driver of the truck in which appellant was riding as a guest, was driving the truck in a negligent manner, or, in the driving of it, he was failing to exercise the ordinary care of an ordinarily prudent person under the circumstances that then existed, then it was the duty of Mr. Evans to call attention to his failure to exercise ordinary care; and that if Mr. Berry then failed to heed the call of Mr. Evans, and continued to drive negligently, then it was appellee's duty to continue to tell him to drive with care, and that if the jury thought that, under the circumstances, he was driving so negligently for a sufficient length of time, and would not pay any attention to appellee, if he asked him to drive carefully, and that he did not drive carefully, then the jury would be at liberty to say that appellee should have demanded that Mr. Berry stop the truck, and that appellee should get out of the truck in order to protect himself. The court stated: "The question is, was or was not Mr. Evans (the appellee) guilty of any negligence, contributory negligence, under the circumstances."

Appellants do not refer to any negligence on the part of appellee that they characterize as remote contributory negligence.

We have examined the cases cited, which, however, were not quoted or commented upon by appellants, in support of their claim that it was error on the part of the district court not to charge, as requested, on the subject of the alleged remote contributory negligence of appellee.

In Bejach v. Colby, 141 Tenn. 686, 214 S.W. 869, the trial court had charged the jury that if it believed, from the evidence, that plaintiff was guilty of gross contributory negligence, there could be no recovery regardless of whether it was one of the proximate causes of the accident. On appeal, it was held by the Supreme Court of Tennessee that the instruction was erroneous, since contributory negligence that proximately contributed to the injury is a bar to the action. The court went on to say that "where negligence on the part of the plaintiff is remotely connected with the cause of the injury, the question to be determined is whether the defendant, by the exercise of ordinary care and skill, might have avoided the injury. If he could have done so, the remote and indirect negligence of the plaintiff cannot be set up as an answer to the action. Such negligence will only be considered in mitigation of the damages. \* \* \* If the plaintiff were guilty of negligence which directly and proximately contributed to bring about the injury, it would make no difference whether that negligence was slight or gross, he could not recover. If, however, such negligence did not directly contribute to bring about the injury, the plaintiff can recover; the degree of negligence being immaterial, except in so far as it goes in mitigation of the damages."

In Railroad Co. v. Martin, 113 Tenn. 266, 87 S.W. 418, the Supreme Court of Tennessee said:

"In Byrne v. K. C., F. S. & M. R. R., 61 F. 605, 9 C.C.A., 679, 24 L.R.A. 693, a case which arose in Tennessee, Judge Lurton, in commenting on this subject said as follows: 'The Supreme Court of Tennessee has been very stringent in requiring that trial judges should instruct juries, in cases under this statute, that they must reduce damages for contributory negligence. \* \* \*

" 'The court should also say to the jury that they *must*, if they find that the bell was not ringing, reduce the damages to be awarded to the plaintiff by reason of the intestate's gross negligence.' etc."

In Saucier v. Roberts, 2 Tenn.App. 211, the facts disclose that a young girl, alighting from a streetcar, saw defendant's automobile approaching, and attempted to run from the streetcar track to the sidewalk before the automobile could reach her, but was struck down by the automobile before she reached the sidewalk. On rendition of a verdict of $300, the plaintiff assigned error on the ground that the trial court had refused a proposed instruction to the jury that if defendant had been driving his car more than twenty miles per hour in violation of the statute, then he was guilty of willful misconduct, and the plea of contributory negligence was not available to him. On review, the Court of Appeals of Tennessee held that while it was true that contributory negligence is not ordinarily available as a defense to one who acted willfully and wantonly, and that, if the wrong on the part of the defendant is so wanton and gross as to imply a willingness to inflict the injury, the plaintiff may recover, notwithstanding his own ordinary negligence. However, the court said that merely because a defendant is operating an automobile in violation of the statute fixing the speed limit at twenty miles per hour, he is not necessarily guilty of willful misconduct that will preclude him from relying on the proximate contributory negligence of the plaintiff as a defense. The Court of Appeals held that, in any event, assuming that plaintiff's request to charge had been correct, the refusal of the trial judge to give it worked no harm to plaintiff, insofar as the request related to proximate contributory negligence on the part of the plaintiff, for the reason that the jury found all of the issues touching the negligence of the defendant and the proximate contributory negligence, in favor of plaintiff. This, said the court, was the necessary implication from the verdict, as the jury was instructed that if the plaintiff was guilty of negligence which

proximately contributed to the occurrence of the accident, the verdict of the jury should be for the defendant. The court declared that, in the ascertainment of the nature and extent of plaintiff's injuries and the amount of damages which would compensate plaintiff therefor, it was the duty of the jury to find whether plaintiff was guilty of any remote contributory negligence, and, if so, to reduce her damages accordingly. The trial court had charged the jury: "If you find plaintiff was guilty of some negligence but that this negligence did not directly and proximately cause or contribute to the injury, then this matter must be taken into consideration by you and a reduction must be made from the damages that otherwise you would allow." The foregoing, the court said, was a proper instruction. From the above, it appears that there was substantial evidence from which the jury could have found the plaintiff to have been guilty of negligence in trying to run across the street to the sidewalk before the automobile could reach her.

In McClard v. Reid, 190 Tenn. 337, 229 S.W.2d 505, the Supreme Court was called upon to pass upon the correctness of the following instruction of the trial court to the jury:

"You are further instructed, however, that if you find from the preponderance of the evidence and believe therefrom that the plaintiff was guilty of some act of negligence upon the occasion or accident, but that this failure to exercise due care was not one of the direct and proximate causes of the collision or accident, but was only a remote circumstance or fact, then your verdict will be for the plaintiff, provided you further find and believe from the evidence that the defendant was guilty of one or more acts of negligence charged against him, provided that you further find from the evidence that the negligence of the defendant thus found was the direct and proximate cause of the accident and injury."

The court held that the foregoing was error, inasmuch as the effect of this charge was "to affirmatively charge that remote contributory negligence is not to be considered by the jury. The law of this State is to the contrary. It has long been the law in Tennessee that remote contributory negligence must be considered by the jury in mitigation of damages."

In Anderson v. Carter, 22 Tenn.App. 118, 118 S.W.2d 891, where a judgment in favor of a plaintiff in a personal injury case was affirmed, the court said:

"The general rule is that the question of the contributory negligence of plaintiff, as well as the question of the negligence of the defendant, is one for submission to the jury under proper instruction by the Court. The exception to the rule is that where there is no conflict in the evidence, or where under all the evidence reasonable minds could reach but one conclusion, and then it becomes a question of law for the Court. All reasonable inferences are to be resolved in favor of the jury verdict.

"Under the facts of the present case, when viewed most favorably to plaintiff's case, we cannot say that reasonable men could not agree as to whether the conduct of plaintiff constituted proximate negligence, so as to bar a recovery, or remote negligence which contributed to the accident. While it is true the plaintiff did not observe the city ordinance requiring him to bring his car to a stop before entering the street, yet this of itself, although negligence per se, did not, as a matter of law, constitute remote contributory negligence, but it remained for the jury to determine the question as to whether his failure to bring his car to a full stop before crossing the intersection constituted contributory negligence to the collision and resulting injuries. The jury could have reasonably reached the conclusion that if the automobile driven

by the defendant was travelling at a rate of speed of approximately 40 miles per hour and was about 200 feet east of the street intersection when plaintiff entered the street intersection, that the violation by the defendant of the city ordinance of 25 miles per hour was the sole, proximate, and efficient cause of the collision, notwithstanding plaintiff's failure to bring his car to a complete stop before entering and attempting to cross the street."

Several of the cases on this subject in Tennessee refer, for support of the rule therein announced, to Railroad Co. v. Martin, 113 Tenn. 266, 278, 87 S.W. 418, 421, where it was stated:

"The wisdom and soundness of this rule must be apparent on a moment's reflection, for if, as a matter of law, it is not the duty of the jury, in the assessment of damages, to mitigate the recovery in proportion to the contribution of the plaintiff to the injuries, cases would occur where gross injustice would be inflicted upon defendants, in the exercise of the jury's discretion, in ignoring altogether the contributory negligence of the plaintiff."

The above rule applies where contributory negligence is proved.

See also 22 Tennessee Law Review 1030 referring to the doctrine of remote contributory negligence as peculiar to the State of Tennessee. Because the facts in the foregoing cases are so dissimilar to those of the case at bar, we do not consider any of them to be here controlling.

■ The pleadings of appellants raised only the question of the proximate contributory negligence of appellee Evans. There were pretrial proceedings, and the order of the district court thereon set forth the theories upon which appellants relied to defeat recovery. While such order disclosed that appellants relied on the contributory negligence of appellee Evans to defeat recovery, no mention was made of the defense of remote contributory negligence. But even without consideration of the foregoing, we are of the opinion that other factors obliterate the defense of remote contributory negligence.

Evans was a poor man. He lives at the Soldiers' Home in Johnson City. Twenty years ago, he had been a "woods foreman" for the Ritter Lumber Company. The only work he has done since that time was, off and on, as a migrant farm worker on short-job farm hand work in Florida and elsewhere. Mr. Berry, the "host driver" of the car in which Evans was riding at the time of the accident, had given him a job two days before, skidding pulpwood. Mr. Berry did the cutting, and Evans hooked the harness onto the wood, and drove a mule with the load to Mr. Berry's truck. Evans was knocked unconscious in the collision and did not know when he was hit. It is to be emphasized that Evans was a guest, and that no possible negligence of Mr. Berry could be imputed to him. It is difficult to imagine this poor, migrant worker, Evans, with his experience, and in his circumstances, telling Mr. Berry, his "boss," how to drive his truck, especially at a time when judgment and experience in driving a car were crucial. It was too thin a case, with no shadow of evidence, to permit this court to hold that it was error on the part of the district court to submit to the jury whether such a guest, under these circumstances, was guilty of remote contributory negligence.

■ We are not persuaded, and do not believe that it is the rule in Tennessee that in every negligence case, it is necessary to charge the jury on the possible remote contributory negligence of a plaintiff, especially where the jury finds him guilty of no negligence whatever.

In the instant case, we can find no evidence upon which the district court could have properly based a charge to the jury on remote contributory negligence—unless in every negligence case, after absolving the plaintiff of any negligence, it is necessary to instruct the jury that it can mitigate the damages on

the ground of remote contributory negligence. It seems to us that there must be something in the case to show such remote contributory negligence before plaintiff's damages can be so mitigated.

In interpreting and passing upon the subject of remote contributory negligence, which is a doctrine peculiar to the law of Tennessee, and which apparently has aspects that have often perplexed the trial courts of that state, as well as leading authorities on the law of torts (see 22 Tennessee Law Review 1030, 1038), we attach importance to the circumstance that the district court, in ruling upon this question, had been an experienced practitioner in the law in that state, and has, for a number of years, been an experienced member of the federal judiciary of Tennessee; and we concur in the view expressed by the district judge that remote contributory negligence was not applicable in this case.

In consideration of the foregoing, the judgment of the district court is affirmed.