**Louise Latimer LONG and
Samuel Long, Appellants,**

**v.**

**Roy K. ALLEN, Appellee.**

Court of Appeals of Tennessee,
Western Section.

April 19, 1973.

Rehearing Denied May 8, 1973.

Certiorari Denied by Supreme Court
July 16, 1973.

Francis W. Headman, Knoxville, for appellants.

Poore, Cox, Baker, McAuley, Ray & Byrne, Knoxville, for appellee.

MATHERNE, Judge.

The plaintiffs Louise Latimer Long and husband Samuel Long appeal from a jury verdict and judgment in favor of the defendant Roy K. Allen. The lawsuits arose out of an automobile collision wherein the plaintiff Louise Latimer Long suffered personal injuries and property damage. The plaintiff husband sues for medical expenses incurred on behalf of his wife and for the loss of her services. The plaintiffs by three assignments of error raise the following issues: (1) There is no material evidence to support the verdict of the jury; (2) The charge of the Trial Judge which gave an example of what would be proximate and what would be remote contributory negligence was improper under the facts of this lawsuit; and (3) The Trial Judge erred in failing to give the plaintiff's attorney opportunity to object, out of the hearing of the jury, to the charge as given, thereby violating the plaintiff's right to object to the charge as contemplated by Rule 51.02, Tennessee Rules of Civil Procedure.

The collision occurred on I–75. Both vehicles entered I–75 from the Clinton Highway. The evidence establishes both vehicles stopped at a red light on the Clinton Highway, the plaintiff in the right travel lane and the defendant in the left travel lane. Upon the light changing to green the defendant moved ahead of the plaintiff. The Clinton Highway narrows to a one lane entrance to I–75. The defendant stated he was about 45 feet immediately ahead of the plaintiff upon entering I–75. The plaintiff stated she was the third vehicle to the rear of the defendant upon entering I–75. The parties agree they entered I–75 at about 30 to 35 miles per hour. The plaintiff testified she speeded up on I–75, caught up with the defendant, who was in the right lane, and observed him turn on his left turn blinker. The plaintiff stated she was then in the left travel lane, she sounded her horn, and from her observation of the defendant concluded he would remain in the right travel lane. The plaintiff stated she proceeded to pass the defendant when he suddenly turned his vehicle into the left travel lane, struck her vehicle and caused her to

swerve left into the median barrier constructed along I–75. The defendant testified he overtook a slow moving vehicle in the right travel lane of I–75; looked into his side view mirror and the left travel lane was clear; looked into his rear view mirror and observed the plaintiff overtaking him in the right travel lane; turned on his left turn blinker and pulled left into the left travel lane to pass the slower vehicle in front of him; the defendant did not hear a horn sound. The defendant stated he was partially into the left travel lane when he felt the rear of his vehicle sway, looked into his side view mirror and observed the plaintiff skidding along the median barrier. The plaintiff's vehicle was damaged on the right front just behind the front bumper. The defendant's vehicle was damaged on the left rear side, just behind the left rear wheel.

The Trial Judge charged the common law duties of drivers of vehicles, and also charged T.C.A. § 59–823(a), pertaining to driving on a laned highway, and T.C.A. § 59–843, pertaining to signals for a turn, and the duties of drivers thereunder.

■ Upon reviewing the evidence under the rules as laid down in D. M. Rose & Co. v. Snyder (1947) 185 Tenn. 499, 206 S.W.2d 897, we conclude there is ample material evidence to support the verdict for the defendant. The first Assignment of Error is overruled.

■ The Trial Judge properly and accurately charged negligence, contributory negligence and remote contributory negligence. After having defined to the jury the terms contributory negligence and remote contributory negligence, the Trial Judge then charged as follows:

"The best way to distinguish those two items for you, Ladies and Gentlemen, is to just say this, that if I'm driving down Main Street and if I run a red light and have a collision with a car coming with a green light on Gay Street, I'm certainly guilty of proximate negligence that was a proximate cause of that accident. Now, suppose I don't—I run the red light down here by the Medical Arts Building, now that's negligence. And if I had stopped at that red light I probably wouldn't have been up here at Main Street. But, nevertheless, if I run that red light down there and by the time I get up here the light is green and I go through that intersection on a green light and am struck by a vehicle that had the red light going on Gay Street, why that negligence if it had any cause or effect at all would merely be remote and not a proximate cause of the accident. It would just be an attendant circumstance, something that just happened to get you at the right place—or maybe I should say at the right place at the wrong time. But keep in mind, as I say, this remote negligence, if any, will not bar the claim but it tends to mitigate the damages."

The plaintiffs assign the foregoing explanation and example as error. The charge as given is not stated verbatim in the assignment of error as required by Rule 12(3) of this Court. The charge as given is quoted in the plaintiff's brief, and we will, under the circumstances, accept that statement of the charge as sufficient. This assignment has given the Court considerable reason to pause for reflection. If the logic of the Trial Judge is sound, and if that premise were carried to its ultimate conclusion, it would appear the running of a red light in Bristol, Tennessee, would constitute remote contributory negligence in the event the driver collided with another vehicle while the driver was properly and legally passing under any green light between Bristol and Knoxville. We cannot accept that result, and we hold the charge complained of is erroneous. The illegal running of the red light at the Medical Arts Building, in and of itself, is not even remotely connected to the proper passage under a green light at Gay Street.

■ We hold the error above noted is harmless, because there is no showing it

adversely affected the outcome of the trial. T.C.A. §§ 27–116, 27–117. The jury either found the defendant free of negligence and free of any violation of the statutes, or the jury found the plaintiff guilty of proximate contributory negligence or guilty of such violation of the statutes as proximately contributed to the accident. Had the jury rendered a verdict for the plaintiff for some amount below proven damages, so as to indicate a finding of remote contributory negligence, the foregoing error would have been reversible error. We therefore overrule the second Assignment of Error.

▆ Rule 51.02, Tennessee Rules of Civil Procedure is as follows:

"51.02 *Objection: Failure to Object.*

"After the judge has instructed the jury, the parties shall be given opportunity to object, out of hearing of the jury, to the content of an instruction given or to failure to give a requested instruction, but failure to make objection shall not prejudice the right of a party to assign the basis of the objection as error in support of a motion for a new trial."

The plaintiffs argue they are entitled to a new trial because the Trial Judge did not specifically give them an opportunity to object to the charge as contemplated by the foregoing Rule. There is no merit to this argument, because the Rule does not require the trial judge to make an affirmative request for objections to the charge as given. The parties are given the right to object, in the absence of the jury, so that any error shown to exist may be corrected at that time, and thereby avoid a new trial. The Rule further allows a party to raise his objection for the first time in his motion for a new trial, which the plaintiffs did in the case at bar. The verbiage of Rule 51.02, and a reading of the Committee Comment thereon, clearly indicates the purpose of the Rule was to remove the burden from the attorneys of having to supply instanter any portion of the charge deemed insufficient or erroneous. The third Assignment of Error is overruled.

The judgment of the Trial Court is affirmed. The cost of this appeal is adjudged against the plaintiffs-appellants.

CARNEY, P. J., and NEARN, J., concur.

## ON PETITION TO REHEAR

MATHERNE, Judge.

The plaintiff-appellants request the Court to reconsider its ruling that the erroneous charge to the jury was harmless error. This matter was considered by the Court in the preparation of the original opinion and will not be again considered on petition to rehear.

The petition to rehear is overruled at the cost of the petitioners.

CARNEY, P. J., and NEARN, J., concur.