**Frances CARDWELL and Michael A. Cardwell, Plaintiffs-Appellants,**

**v.**

**Judy GOLDEN, Defendant-Appellee.**

Court of Appeals of Tennessee, Eastern Section.

July 22, 1981.

Permission to Appeal Denied by Supreme Court Oct. 5, 1981.

Jim D. Owen, Knoxville, for plaintiffs-appellants.

John T. Johnson, Jr., and Edward G. Phillips, Knoxville, for defendant-appellee; Kramer, Johnson, Rayson, McVeigh & Leake, Knoxville, of counsel.

OPINION

FRANKS, Judge.

In this suit and countersuit for damages for personal injuries resulting from a colli-

sion of motor vehicles, the jury returned a verdict for the defendant on each claim. The sole issue on appeal by plaintiff is the refusal of the trial judge to instruct the jury on the issue of remote contributory negligence requested by plaintiff's attorney.

■ The defendant's answer raised contributory negligence of the plaintiff as an affirmative defense. It is the rule in this jurisdiction that in all cases where contributory negligence is an issue, the trial judge should include an instruction on remote contributory negligence. *Holder v. Peggy Ann Wrecker & Repair Service*, 518 S.W.2d 770 (Tenn.App. 1973); *Provence v. Williams*, 62 Tenn.App. 371, 462 S.W.2d 885 (1970). The trial judge erred in refusing to give the requested instruction.

■ The issue thus becomes whether the error was harmless, T.C.A., § 27–1–117, as the absence of instructions on the issue of remote contributory negligence or erroneous instructions on that issue may be harmless error. *Long v. Allen*, 497 S.W.2d 743 (Tenn.App. 1973); *Provence, supra.*

Plaintiff's evidence established plaintiff was travelling on a narrow, wet, macadam surfaced road, at a speed of 25 to 30 m. p. h., and as she proceeded on a curve to her right she saw defendant's vehicle approaching from a distance of two car lengths on the wrong side of the road. She applied her brakes and had practically stopped when she was struck by defendant's vehicle, all on plaintiff's side of the road. The defendant's evidence tended to establish the defendant operator was travelling 20 to 25 m. p. h., that she first observed plaintiff's vehicle approximately one car length away, she swerved to her right onto the shoulder of the road, and the collision took place on her side of the road.

■ Remote contributory negligence has been variously described by this court; initially it was said to be "that which may have happened and yet no injury have occurred, notwithstanding that no injury could have occurred if it had not happened." *Elmore v. Thompson*, 14 Tenn.App. 78, 100 (1931). Subsequently, this court, in accord with *Restatement (Second) of Torts*, §§ 431–3 (1965), has based the inquiry on whether the plaintiff's negligent conduct was a substantial factor in producing the injury. *Quaker Oats Co. v. Davis*, 33 Tenn. App. 373, 232 S.W.2d 282 (1949); *Waller v. Skeleton et al.*, 31 Tenn.App. 103, 212 S.W.2d 690 (1948). If the plaintiff's negligence is sufficient by itself to cause his injury, it is to be treated as proximate and a bar to his recovery. *Hansard v. Ferguson*, 23 Tenn.App. 306, 132 S.W.2d 221 (1939). But if plaintiff's negligence alone would not cause the injury under the circumstances and the negligent conduct of the defendant was necessary to bring about plaintiff's injury, then plaintiff's negligence is deemed remote and goes in mitigation of damages. *Anderson v. Carter*, 22 Tenn. App. 118, 118 S.W.2d 891 (1937).

■ The negligent conduct charged to plaintiff was she drove her motor vehicle onto the wrong side of the road and struck defendant's vehicle. We believe the refusal to charge remote contributory negligence is harmless error because the jury could not reasonably have found from the evidence the negligence ascribed to the plaintiff was remote. While plaintiff's negligence may be remote and yet be a substantial factor in producing her injury, it must not be enough to produce the injury by itself without the subsequent negligent conduct of the defendant. The only evidence in the record of plaintiff's negligent conduct is evidence of negligence sufficient to proximately produce or proximately contribute to cause the injury, *i. e.*, under the existing conditions and operating a motor vehicle around the curve on the wrong side of the road.

We affirm the judgment of the trial court and remand with costs incident to the appeal assessed against plaintiffs.

SANDERS and GODDARD, JJ., concur.