**James R. GRAZER, Plaintiff-Appellee,**

v.

**Jeffrey M. WINDHAM and Ardie Windham, Defendants-Appellants.**

Court of Appeals of Tennessee, Western Section, at Jackson.

July 8, 1982.

Application for Permission to Appeal Denied by Supreme Court Oct. 4, 1982.

Don G. Owens, Jr., Memphis, for defendants-appellants.

John G. Montague, Memphis, for plaintiff-appellee.

NEARN, Judge.

The plaintiff, James R. Grazer, was injured when, while riding his bicycle, he collided with the defendant's automobile. The case was tried without a jury. The Trial Judge found that the defendant-driver's negligence proximately caused the plaintiff's injuries and property damage but that the plaintiff was guilty of remote contributory negligence. Accordingly, the Trial Judge entered what he referred to as a reduced verdict in plaintiff's favor in the amount of $2,050.00.

The defendant has appealed on the ground that the evidence requires a finding of proximate contributory negligence and therefore the plaintiff must be barred from all recovery. Therefore, the issue on appeal in this non-jury case is whether the evidence preponderates against the Trial Judge's conclusion that the plaintiff's conduct constituted remote contributory negligence rather than proximate contributory negligence.

As no transcript of the evidence was available, defendant submitted a Statement of the Evidence, which was not objected to by the plaintiff and is deemed approved by the Trial Judge pursuant to Tennessee Rule of Appellate Procedure 24(f).

The evidence regarding the collision is described in the Statement of the Evidence as follows:

James R. Grazer testified as follows: The original Plaintiff, James R. Grazer, testified as follows: In February of 1980 he was employed by the Memphis Light Gas and Water Division earning Seven Hundred Forty Three Dollars ($743.00) per month and, at the time of the trial, was a fireman on the Naval Base at Millington. That his usual mode of transportation was by bicycle. On Sun-

day, February 10, 1980 about 2:30 P.M., he was riding his 10-speed bicycle going to the store to get a soft drink. That Wells Station Road runs north and south and is intersected by Grey Road, which runs east and west. The traffic on Grey Road was controlled by stop signs, requiring vehicles on Grey Road to stop at the intersection of Wells Station Road. The Plaintiff testified that he customarily rode his bike facing traffic due to the fact that when he rode with the traffic, people were inclined to throw things at him.

He testified that he was riding his 10-speed bicycle in high gear northwardly on Wells Station Road within two (2) feet of the left curb, at twenty to twenty-five m.p.h., as he approached the intersection of Grey Road. When he was about ten to fifteen feet from the intersection, he saw the Defendant's vehicle which was stopped at the intersection with the front of the car protruding slightly into Wells Station Road, and that he intended to go around the vehicle when the Defendant pulled from the stop sign turning right or south on Wells Station Road, at which time the Plaintiff struck the front of the Defendant's vehicle. He stated that he could not stop and that there was no bell or other device on his bicycle to give an audible signal.

. . . .

Officer J.D. Carroll of the Memphis Police Department testified that he investigated the accident, that his investigation confirmed the statements of the parties to the accident, and that the photographs accurately portrayed the scene of the accident. He stated that there were no injuries reported at the scene.

The Defendant, Jeffrey M. Windham, testified that he was driving the vehicle of his father, the Defendant Ardie Windham, and that he had been to church. Further, that he was familiar with the intersection and as he reached the intersection, he stopped at the stop sign and looked both ways before pulling out intending to turn right or southwardly on Wells Station Road. That the first time he saw the Plaintiff was when the Plaintiff was on the hood of his vehicle.

In our opinion the evidence preponderates against the finding of the Trial Judge that the plaintiff was only remotely contributorily negligent. Our review of the record causes us to conclude that the plaintiff's negligence was a proximate cause of his own injuries.

Appellee relies upon the following statement from *Cardwell v. Golden* (1981 Tenn.App.E.S.) 621 S.W.2d 774, 775, to support the holding of the Trial Judge:

But if plaintiff's negligence alone would not cause the injury under the circumstances and the negligent conduct of the defendant was necessary to bring about plaintiff's injury, then plaintiff's negligence is deemed remote and goes in mitigation of damages. *Anderson v. Carter,* 22 Tenn.App. 118, 118 S.W.2d 891 (1937).

We do not believe that this statement from *Cardwell* means what it seems to say. If it did, the doctrine of contributory negligence would be abolished in its entirety. Facially, that sentence in *Cardwell* states that even if plaintiff's negligent act concurs with defendant's negligent act to produce the injury, plaintiff may yet recover, although in a reduced amount. However, the law in this state is that when both parties' acts concur to bring about an injury, neither can recover from the other. See, e.g., *Dixon v. Lobenstein* (1939) 175 Tenn. 105, 132 S.W.2d 215; *Kroger Co. v. Giem* (1964) 215 Tenn. 459, 387 S.W.2d 620.

In *Anderson v. Carter* (cited above in *Cardwell*), the issue on appeal was whether the plaintiff was guilty of contributory negligence as a matter of law and it was stated that contributory negligence was plaintiff's negligence "that proximately contributed to the injury" and as such will bar recovery. The *Anderson* Court stated that remote contributory negligence was a permissible finding in that case because the jury probably found that the defendant's negligence was "the *sole* proximate and efficient cause of the collision" (emphasis ours). In other words, the *Anderson* Court was saying that

the jury could have found the plaintiff's act not to be a concurring cause because the injury would have occurred in that case regardless of the admitted or found negligent act of the plaintiff. We believe, in light of the *Anderson* case cited, that all the *Cardwell* Court meant to say in the quoted sentence was that where the defendant is the sole proximate cause of the injury, the plaintiff may yet be found guilty of remote contributory negligence, even though the plaintiff's negligence alone would not have caused any injury.

*Anderson, Cardwell,* and numerous cases of a similar vein are authority only for the proposition that when juries are considering appropriate facts, they may find that the defendant's negligence was the sole proximate cause and that a plaintiff's negligence was only remote. This is not a jury case. In this instance we are not concerned with what legally *could* have been found by the trier of facts, but are only concerned with what was found actually and by necessary implication and whether we believe the evidence preponderates against such finding. See Rule 13(d) TRAP.

■ Before reaching an issue of plaintiff's remote contributory negligence, the trier of facts must first find that the negligence of the plaintiff was not a proximate cause of plaintiff's own injuries. See *Street v. Calvert* (1976 Tenn.) 541 S.W.2d 576, 585. Therefore, the Trial Judge in this instance had also to first find under the facts that the plaintiff's negligence was not proximate. It is at that initial point that we part from the findings of the Trial Judge on his journey to remote contributory negligence. We hold that the evidence preponderates in favor of a finding of plaintiff's proximate negligence and against a contrary finding.

If plaintiff had been driving an automobile in high gear on the wrong side of the road next to the curb instead of a bicycle, and had run into the defendant who was pulling from a stop sign after not having noticed plaintiff who was unexpectedly driving down the wrong side of the road, it seems to us that the evidence would clearly preponderate in favor of a finding that plaintiff was a proximate cause of his own injuries.

In the much cited case, *Carney v. Goodman* (1954) 38 Tenn.App. (M.S.) 55, 270 S.W.2d 572, 575, the Court quoted Prosser on Torts as affording the best test for determining proximate cause as follows:

> The actor's negligent conduct is a legal cause of harm to another if (a) his conduct is a substantial factor in bringing about the harm, and (b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm. (Restatement, Torts, sec. 431). Prosser on Torts, 318.

That same proximate cause test equally applies to a plaintiff in causing harm to himself under the doctrine of contributory negligence. Also, whether the acts were committed in the course of riding a bicycle or driving a car seems immaterial to us. If a negligent act is a proximate cause, it makes no difference what mode of transportation is being utilized at the time of the act. We do not believe there is a separate theory of the law of proximate cause for bicyclists.

We find that plaintiff's conduct in this case was a substantial factor in bringing about his own harm and we know of no law that relieves the plaintiff in this case from the legal results of his acts, which we consider to be proximate to his damages. Therefore, we must find the plaintiff guilty of proximate contributory negligence and his recovery is thereby barred.

The result is that the judgment of the Trial Court is reversed and the cause dismissed.

Costs of appeal are adjudged against appellee.

Done at Jackson in the two hundred and sixth year of our Independence and in the one hundred and eighty-seventh year of our Statehood.

MATHERNE and TOMLIN, JJ., concur.