802 F.2d 458
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James R. LEAVITT, by next friend Lucille J. LEAVITT; Harold
M. Leavitt and Lucille J. Leavitt, individualiy
and as parents of James R. Leavitt,
Plaintiffs-Appellants,
v.
Billy Ray BYPORD and Virginia L. Byford, d/b/a The Hideaway
Lounge; Ranken, Inc., d/b/a Chelsea Street Pub;
Ira John Woodfin and Danny Owens, d/b/a
Pink Garter Saloon,
Defendants-Appellees.
 No. 85-5941.
 United States Court of Appeals, Sixth Circuit.
 Aug. 26, 1986.
 
 Before ENGEL and GUY, Circuit Judges, and SUHRHEINRICH, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs appeal an order granting summary judgment in favor of all defendants. Plaintiff James R. Leavitt brought suit for injuries sustained in a single vehicle accident. James' parents, Harold and Lucille Leavitt, brought derivative claims. Defendants are the bar owners and establishments which served alcohol tO plaintiff, who was under the legal drinking age, on the night of his accident. The trial court granted summary judgment for defendants after determining that plaintiff was, as a matter of law, contributorily negligent in bringing about his injuries and thus barred from recovery. For the reasons stated below, we affirm.
 
 
 2
 We accept the facts as alleged by the plaintiffs. On March 2, 1983, the date of the accident, plaintiff James Leavitt was an eighteen year old marine recruit attending technical school at the Naval Air Station in Millington, Tennessee. James and a group of friends went out drinking. It is undisputed that James, being eighteen years old, was under the legal drinking age of 19. Tenn. Code Ann. Sec. 57-4-203. The group first met at The Hideaway Lounge where James consumed about six glasses of beer between 8:30 and 9:30 p.m. The group left that bar to go to the Chelsea Street Pub where they consumed drinks known as "pitchers of death." This was described as a thirty-two ounce pitcher filled with five different liquors and fruit juice. Plaintiffs allege that James drank three such pitchers. Eventually, the group was asked to leave the pub. James agreed to let one of his friends drive his motorcycle to the next bar, while he rode in an auto mobile. The group arrived at the Pink Garter Saloon at about 12:30 a.m. The cover charge at the saloon included two beers, which James consumed. His companions thought James was drunk and offered to drive the motorcycle back to the base. They were unsuccessful in their attempts to persuade James not to drive his motorcycle.
 
 
 3
 At approximately 1:00 a.m., on March 3, 1983, James left the Pink Garter Saloon driving his motorcycle. On the way back to the station, James was involved in a single vehicle accident which left him seriously and permanently injured.
 
 
 4
 Plaintiffs sued to recover compensatory and punitive damages on the theory that defendants were guilty of negligent, willful and reckless conduct in serving alcoholic beverages to a minor and to a person already intoxicated, in violation of penal statutes of the State of Tennessee. Plaintiffs alleged that the direct and proximate cause of games' injuries was the illegal & sale of intoxicating 'beverages by the defendants. They alleged further that the drinking of the intoxicating beverages diminished James' capacity to exercise care for his own safety, interfered with his ability to protect himself from harm, and prevented him from realizing the seriousness of the danger in riding his motorcycle in his intoxicated condition. All defendants pleaded the affirmative defense of contributory negligence by the plaintiff.
 
 
 5
 In granting summary judgment, the trial court first noted that Tennessee continues to recognize the theory of contributory negligence, and consequently, if plaintiff negligently contributed to his injury, he could not recover. Grazer v. Windham, 640 S.W.2d 27, 28-29 (Tenn. App. 1982). The trial court deter mined that, as a matter of law, plaintiff James Leavitt was contributorily negligent for two reasons. First, under Tennessee law, it is unlawful both for a minor to purchase alcoholic beverages, Tenn. Code Ann. Sec. 57-4-203, and to drive a motor vehicle while intoxicated, Tenn. Code Ann. Sec. 55-10-401. Because violation of a statute which proximately causes an injury is negligence per se, the judge found plaintiff negligent as a matter of law. Second, the court noted that under Tennessee law, driving a motor vehicle while under the influence of alcohol constitutes gross negligence. Budisleich v. Rigsby, 639 S.W.2d 663, 665 (Tenn. Ct. App. 1982). Therefore, plaintiff's admitted intoxication would be contributory negligence as a matter of law whether or not it constituted a statutory violation. Moreover, because plaintiff was operating a motor vehicle, he would be held to an adult standard of care. Powell v. Hartford Accident & Indemnity Co., 217 Tenn. 503, 398 S.W.2d 727, 733 (1966).
 
 
 6
 The trial court also relied on Shumate v. Russell, No. 84-14 (Tenn. Ct. App. June 7 1984), where, on similar facts, the Tennessee Court of Appeals affirmed summary judgment for defendant bar owner, holding that an intoxicated minor, when operating a motor vehicle, is held to an adult standard of care, and is thus negligent as a matter of law. .
 
 
 7
 Plaintiffs argue that the district court erred in its determination of state law. They rely almost exclusively on Brookins v. The Round Table, Inc., 624 S.W.2d 547 (Tenn. 1981). In Brookins, the minor plaintiff was seriously injured when the automobile in which he was riding as a passenger left the highway and struck a tree. There was no question but that the driver of the automobile was intoxicated at the time of the accident and that his intoxication was a cause of the accident. Plaintiffs brought suit against defendant, a restaurant, charging the defendants with unlawfully selling intoxicating beverages to Brookins, a minor. Plaintiffs contended that the drinking of the intoxicating beverages by Brookins diminished h Is capacity to exercise care for his own safety, and kept him from realizing the serious ness of the danger in riding with his intoxicated friend. The Tennessee Court of Appeals affirmed the trial court's entry of summary judgment, pointing out that the minor plaintiff had actively contributed to the intoxication of the adult driver by illegally procuring the intoxicating beverages and by sharing them with the driver to the point of mutual intoxication.
 
 
 8
 Brookins argued that a commercial vendor of alcohol is liable for any and all injuries resulting from the unlawful sale of alcoholic beverages to minors, and that the defense of contributory negligence should not be available to a vendor in an action brought by a minor who sustained injury while under the influence of the intoxicant sold to him. The Tennessee Supreme Court initially set forth the policy considerations behind the liquor control statutes:
 
 
 9
 The public policy of this state is to prevent minors from purchasing, possessing, or imbibing alcoholic beverages. To carry out this policy, the legislature has expressly forbidden a vendor of alcoholic beverages to sell to a minor, under penalty of law. See T.C.A. Secs. 57-3-406, 57-4-203, 57-5-301(a) and (c), and 57-5-303. The legislature also expressly has forbidden a minor, under penalty of law, to purchase or even possess alcoholic beverages. See T.C.A. Secs. 57-4-203, 57-5-301(d) and (e), and 57-5-303. These broad prohibitions are intended not only to protect minors from the folly of their own actions, but are for the protection of m-embers of the general public as well. They are directed to minors as a class in recognition of their susceptibilities and I the intensification of dangers inherent in the consumption of alcoholic beverages when consumed by a person lacking in maturity and responsibility. Further, by subjecting a minor plaintiff who purchases alcoholic beverages to possible criminal prosecution, the legislature indicates an awareness that some minor purchasers of alcoholic beverages have the maturity and capacity to act responsibly, and that they should bear the brunt of their own actions in purchasing and consuming alcoholic beverages.
 
 
 10
 624 S.W.2d at 550. The supreme court agreed with the court of appeals that a person who has the capacity and judgment to act responsibly in his own behalf cannot recover damages where he actively contributed to the intoxication of another, and the intoxication was the proximate cause of the injury. Id. But stating that this rule is not salutary, the court held that
 
 
 11
 where a minor plaintiff is involved in the purchase and use of alcoholic beverages, the rule is not applicable per se to defeat the minor's right to have a jury decide whether his actions were those of a reasonably prudent person of like age, capacity, knowledge, and experience. The capacity and judgment of a minor plaintiff to act responsibly is put in issue merely by the fact that he was not of legal age when he purchased and used alcoholic beverages.
 
 
 12
 Id. Because the evidence showed that the minor plaintiff had no experience with alcohol, coupled with the admitted sale of intoxicating beverages to the minor plaintiff, it was sufficient to support a finding by a jury that the minor plaintiff's actions, after he acquired the alcoholic beverages, were those a reasonably prudent person of like age, capacity, knowledge, and experience might be expected to exercise. Id. at 551.
 
 
 13
 Plaintiffs argue that the district court's opinion erroneously limits the Brookins decision by establishing that Brookins is not applicable when an intoxicated minor drives a motor vehicle. They submit that the district court's decision ignores the rule that the implicit lack of capacity and judgment of the minor is sufficient to meet the challenge of a motion for summary judgment predicated upon the conduct of the minor after he purchases the alcoholic beverages. Plaintiffs also attempt to distinguish Shumate, arguing that the plaintiffs in Shumate alleged that the minor's injuries were a result of his intoxication. In contrast, plaintiffs point out that they alleged, like Brookins, that the minor's injuries were the result of the illegal sale by defendants of the intoxicating beverages to the minor.
 
 
 14
 There is no doubt that plaintiffs have stated a valid claim for relief against defendants. Accepting plaintiffs' allegations as true, defendants would be liable for negligence in violating the statute against selling intoxicants to minors, alleged to be a proximate cause of James' injuries. Whether James was contributorily negligent, however, is a separate inquiry. His negligence may be different in kind and degree, but if it was a proximate cause of his injuries, plaintiffs are barred from recovery under Tennessee law.
 
 
 15
 In approaching this inquiry, we depart from the primary reasoning of the trial court. Contrary to the court's holding below, plaintiff is not contributorily negligent based solely on violations of statutes, i.e., because he illegally purchased and consumed alcohol or because he illegally drove while intoxicated. Although it is a well settled rule of law that failure to perform a statutory duty is negligence per se, the person advancing such a claim must be within.the protection of the law and intended to be benefited thereby. Traylor v. Coburn, 597 S.W.2d 319, 311 (Tenn. App. 1980). One not a beneficiary of a statute may neither base an action nor a defense on a violation thereof. Berry v. Whitworth, 576 S.W.2d 351, 353 (Tenn. App. 1979). Defendants, as bars and bar owners, are not protected beneficiaries of the laws prohibiting the purchase of liquor by minors or driving while intoxicated. A defense based on establishing contributory negligence through the violation of the statutes involved is, therefore, unavailable to defendants.
 
 
 16
 At the same time, under Tennessee common law it is negligence per se to operate a motor vehicle while intoxicated. Barr v. Charley, 215 Tenn. 445, 387 S.W.2d 614, 617 (1964). While noting that driving while intoxicated constitutes negligence per se under Tennessee law, the trial court further indicated that because plaintiff admitted his intoxication, he was contributorily negligent as a matter of law. This is only true where, as here, the intoxication is a cause of plaintiff's injuries. Negligence per se relates only to a finding that plaintiff violated the standard of care expected of him. Contributory negligence includes a finding of proximate cause. Thus, while plaintiff may be negligent per se, he is not contributorily negligent unless his negligence is a proximate cause of his injuries. Barr, 387 S.W.2d at 617. Here, because James' intoxication was a proximate cause of his injuries, he was contributorily negligent. As a result, plaintiffs cannot recover. Plaintiffs attack this ultimate reasoning by the trial court on two bases.
 
 
 17
 First, relying on Brookins, plaintiffs allege that the standard of care is that required of a minor of like age, capacity, knowledge, and experience. In other words, when a minor plaintiff is illegally served alcohol, plaintiffs contend that Brookins allows the plaintiff's conduct to be judged by the standard of care required of minors, and not an adult standard of care. Consequently, plaintiffs maintain that whether James' conduct violated the standard of care is a question for the jury.
 
 
 18
 Plaintiffs' argument would require this court to overturn a long line of Tennessee cases holding that a minor engaged in the operation of a motor vehicle upon the public highways of Tennessee is charged with the same standard of care as an adult person. See Powell v. Hartford Accident and Indemnity Co., 398 S.W.2d 727, 733 (Tenn. 1966). In Powell, the court quoted Wagner v. Shanks, 194 A.2d 701 (Del. 1963), with approval:
 
 
 19
 We consider it to be a matter of paramount public policy, in fact a rule of necessity, that society in general be assured that all drivers' of motor vehicles upon our highways be charged with equal responsibility in the operation of motor vehicles regardless of age, or any other physical or mental disparity which may exist.
 
 
 20
 This rule has been consistently followed by Tennessee courts. See, e.g., McIntyre v. McIntyre, 558 S.W.2d 836, 939 (Tenn. 1977); Black by Black v. Quinn, 646 S.W.2d 437, 439 (Tenn. App. 1982). The court, in Brookins, did not depart from this rule. Brookins was not held to an adult standard of care because he was a passenger in an automobile, and not the driver.[1] If we were to extend Brookins to the instant case, we would overturn an established rule of law based upon a strongly held Tennessee public policy. We decline to do so.
 
 
 21
 Plaintiffs also challenge the conclusion that James' negligence was a proximate cause of his injuries. They argue that James' injuries were the result of the illegal sale by defendants of the intoxicating beverages. Plaintiffs contend that whether James was also a cause of his injuries is a question for the jury.[2]
 
 
 22
 It is undoubtedly true that the illegal sale of alcohol was a cause of James' injuries. The sale alone, however, is not enough. If plaintiff had only illegally purchased alcohol, it could not be a cause of his injuries. He must, in addition, consume the intoxicants and drive while intoxicated. A plaintiff is a proximate cause of harm to himself if his conduct is a substantial factor in bringing about the harm. Grazer v. Windham, 640 S.W.2d 27, 29 (Tenn. App. 1982). Here, plaintiff's conduct was a substantial factor in causing his injuries, and the law in Tennessee is that when both parties' acts concur to bring about an injury, neither can recover from the other.[3] 640 S.W.2d at 28.
 
 
 23
 AFFIRMED.
 
 
 
 *
 Honorable Richard F. Suhrheinrich, United States District Court, Easte rn District of Michigan, sitting by designation,
 
 
 [1]
 The Brookins court also noted that a seller of intoxicants is not necessarily relieved of liability by the independent, intervening cause of the buyer's consumption of the intoxicants (contrary to the common law rule). Thus, the sale of intoxicants can be a proximate cause of the buyer's injuries and the seller may be liable. But the buyer will only be allowed to recover if he is not negligent in buying and consuming the intoxicants. In Brookins, this was a question for the jury because it was necessary to determine whether plaintiff's actions were those of a reasonably prudent person of like age, capacity, knowledge and experience, i.e., to determine whether the minor plaintiff was negligent. 624 S.W.2d at 550. If the jury found that Brookins was negligent, that he did violate the standard of care required of him, because it was acknowledged that Brookins assisted the driver in becoming intoxicated, and this was the proximate cause of the accident, Brookins would be barred by contributory negligence. Here, because plaintiff was operating a motor vehicle while intoxicated, and is held to an adult standard of care, there is no question of negligence to be decided by the jury. Under Tennessee law, operating a motor vehicle while intoxicated is negligence per se
 
 
 [2]
 Plaintiffs, at oral argument, relied heavily on Barr v. Charley, supra, for the proposition that proximate cause is an issue for the jury. In Barr, plaintiff's decedent was killed when his car struck defendant's disabled vehicle which was left unattended, at night, on the road. Although it was undisputed that Barr had been drinking intoxicants, it was not clear that his drinking was a proximate cause of the accident. This case aptly illustrates that while a plaintiff may be negligent as a matter of law in driving while intoxicated, plaintiff is not contributorily negligent unless his intoxication is a proximate cause of his injuries. In Barr, because defendant was clearly negligent in leaving his disabled car on the road at night, and the circumstances surrounding the accident were unclear, it was a jury question as to whether Barr's intoxication was also a proximate cause of the accident
 Here, James was involved in a single vehicle accident. Although the circumstances surrounding the accident are not known, plaintiffs have alleged that James' intoxication was a proximate cause of the accident, although they couch that allegation in terms of defendants' negligence in illegally serving alcohol to James. If James' intoxication was a proximate cause of the accident, he was contributorily negligent and plaintiffs cannot recover. If, however, the accident was caused by something else, i.e., a pothole in the road, then these defendants are not liable because their actions would not be the proximate cause of James' injuries. Thus, there are no questions of fact to be resolved by a jury.
 
 
 [3]
 In their reply brief, plaintiffs raise, apparently for the first time, the issue of whether James' conduct was a remote cause of his injuries. In Tennessee, "remote contributory negligence" is an exception to the common law rule that contributory fault is a complete bar to recovery. Arnold v. Hayslett, 655 S.W.2d 941, 945 (Tenn. 1983). It is defined as "negligence which is too far removed as to time or place, or causative force, to be a direct or proximate cause of the accident." Id. (quoting Street v. Calvert, 541 S.W.2d 576, 585 (Tenn. 1976). Putting aside whether this issue raised for the first time on appeal is even properly before (is, we conclude as a matter of law that plaintiff's conduct here would not fit the definition of "remote contributory negligence."