LARRY JIM POWELL, by next friend, and Natural Guardian, F. A. Powell, Petitioner,

*v.*

HARTFORD ACCIDENT AND INDEMNITY COMPANY, and B. G. Davis, Respondents.

F. A. POWELL, Petitioner,

*v.*

HARTFORD ACCIDENT AND INDEMNITY COMPANY, and B. G. Davis, Respondents.

398 S.W.2d 727.

(*Jackson*, April Term, 1965.)

Opinion filed January 14, 1966.

504

Hewitt P. Tomlin, Jr., and Schneider & Schneider, Jackson, for petitioners.

John S. Porter and Joel Porter, Memphis, and Carmack Murchison, Jackson, for respondents.

CRESON, JUSTICE, and BURNETT, CHIEF JUSTICE, dissented.

MR. JUSTICE WHITE delivered the opinion of the Court.

The petitioners, Larry Jim Powell, by next friend and father, F. A. Powell, and F. A. Powell, individually, have assigned for error the action of the Court of Appeals in affirming the judgment of the trial court in favor of the defendants, respondents herein. We have granted certiorari and the cases have been argued at the Bar of this Court.

It is necessary to recite a short history of these cases to form a basis upon which a decision may be made with clarity and understanding. They grow out of an accident occurring on November 1, 1961, in Madison County, Tennessee. Larry Jim Powell was fourteen years and three months of age at the time of the accident and was at that time riding a motor bike, or motor scooter, which collided with an automobile owned and operated by the defendants. Upon the facts the jury returned a verdict for the defendants in the case of the minor, Larry Jim Powell, and also in the case of his father, who sued for loss of his son's services and for medical expenses incurred in the proper treatment of his injuries.

In his charge the trial judge instructed the jury, with respect to the minor plaintiff's duty of care, viz.:

> I charge you that a minor child, engaged in the operation of a motor vehicle upon the public roads and highways, is chargeable with the same degree of care as an adult person.

The trial judge refused the plaintiffs' special request to instruct the jury as follows:

> Ladies and Gentlemen of the Jury, I charge you that under the laws of this State a minor, whether in the act of operating a motor scooter or what, or some other act, is not to be held to the same degree of care in said operation as an adult of or over twenty-one years of age would be. Rather, under the laws of this State, the standard of care by which to measure the conduct of a minor, as regards the question of contributory negligence, is that degree of care ordinarily exercised by one of the same age, discretion, knowledge and experience under the same or similar circumstances.

The duty of care of the minor plaintiff given by the court and the special request refused to be given by the court, as aforesaid, are assigned for error and they present the pivotal problem for decision here and will be discussed together. The Court of Appeals approved the instruction set out first above and approved also the refusal of the court to grant the special request aforesaid, for the reason that it believed the "Uniform Motor Vehicle Operators and Chauffeurs License Law" of Tennessee imposes upon every person licensed thereunder the duty to exercise ordinary care in the operation of motor vehicles upon the highways of the State.

T.C.A. sec. 59-507 provides that every applicant for an operator's or chauffeur's license shall be examined as to eyesight, "his ability to read and understand highway

signs regulating, warning, and directing traffic," and such test shall include an examination of

> * * * his knowledge of the traffic laws of this state, and shall include an actual demonstration of ability to exercise ordinary and reasonable control in the operation of a motor vehicle.

The minor plaintiff, Larry Jim Powell, being between the ages of fourteen and sixteen years, was issued a special restricted license, or permit, under T.C.A. sec. 59-704 (g), to operate a motor driven cycle and when the license was so obtained he demonstrated his "ability to exercise ordinary and reasonable control" of a motor driven cycle, and at the time of the accident involved herein, he was operating said motor driven cycle within the geographic area permitted by such license.

If Powell had been driving the cycle absent the license, then he would have been doing so in violation of T.C.A. sec. 59-704, which provides:

> No person, except those hereinafter expressly exempted [not involved here], shall drive any motor vehicle upon a highway in this state unless such person has a valid license as an operator or chauffeur * * *.

The instant case is one of first impression in this State. Other states have passed upon the problem of the standard of care required of a minor in the operation of a motor driven vehicle. There is divided authority on the question. Most of those which hold that a minor is not onerated with adult duty of care in the operation of an automobile, are based upon the reasoning set out in the New Hampshire case, decided in 1931, of *Charbonneau v. MacRury,* 84 N.H. 501, 153 A. 457, 73 A.L.R. 1266.

■ We believe the better reasoned cases place the same duty of care upon all operators of motor driven vehicles, regardless of age, that is, ordinary care. The cases which so hold are *Harralson v. Whitehead,* 236 Ark. 325, 365 S.W.2d 868 ,1963); *Wilson v. Shumate,* 296 S.W. 2d 72 (Mo.1956); *Wagner v. Shanks,* 194 A.2d 701 (Del. 1963); *Allen v. Ellis,* 191 Kan. 311, 380 P.2d 408 (1963); and *Dellwo v. Pearson,* 259 Minn. 452, 107 N.W.2d 859, 97 A.L.R.2d 866 (1961). Some of these cases reach the decision that such minor is chargeable with the duty of adult care on the basis of licensing statutes, while the *Dellwo* case reached the decision on the basis of reason only.

In *Wagner v. Shanks,* supra, decided September 12, 1963, the court said:

The Delaware statute, which permits the licensing of minors, does not provide two standards of care for the licensing of minors and adults.

\* \* \* \* \* \*

We consider it to be a matter of paramount public policy, in fact a rule of necessity, that society in general be assured that all drivers of motor vehicles upon our highways be charged with equal responsibility in the operation of motor vehicles regardless of age, or any other physical or mental disparity which may exist.

The case of *Nielsen v. Brown,* 232 Or. 426, 374 P.2d 896 (1962), was cited for authority for this statement in addition to those cases referred to above. The court in *Wagner* then concluded that a minor would be held to the same standard of care when operating a motor vehicle upon the highways of that state as required of an adult motorist under similar circumstances.

In the case of *Dawson v. Hoffmann*, 43 Ill.App.2d. 17, 192 N.E.2d 695, decided September 12, 1963, it was said that a minor must be held to the same standard of care as an adult with respect to the operation of a motor vehicle, and cited an earlier opinion of that same court of *Betzold v. Erickson*, 35 Ill.App.2d 203, 182 N.E.2d 342 (1962), and concluded:

> Minors are entitled under the law to be judged by standards commensurate with their age, experience and wisdom when engaged in activities appropriate to their age, experience and wisdom, but it would be unfair to the public to permit a minor in the operation of a motor vehicle to observe any other standard of care and conduct than that expected of all others. The law will not countenance the adoption of a double standard of care to be exercised by the drivers of motor vehicles.

We are thus confronted with determining the standard of care required of a minor in the operation of a motor vehicle upon the highways of this State under the rules of reason and also under the statutes aforesaid, and those referred to hereafter.

Tennessee is a common law state, and so much of the common law as has not been abrogated or repealed by statute is in full force and effect. *Cogburn v. State*, 198 Tenn. 431, 434, 281 S.W.2d 38 (1955); *Rush v. Great American Insurance Co.*, 213 Tenn. 506, 516, 376 S.W.2d 454 (1964).

The rule of reason is one of the bases of the common law and it is also founded on usages, habits and customs and will never be entirely statutory, but will be modified and extended by analogy construction and custom so as to embrace new relations springing up from

time to time to conform with the change and desire of society. *Jacob v. State,* 22 Tenn. 493 (1842).

■ It is universally conceded that the fundamental principles of the common law are unchangeable; yet, the courts recognize the necessity of flexibility in the application of old rules to new cases. *Box v. Lanier,* 112 Tenn. 393, 407, 79 S.W. 1042, 64 L.R.A. 458 (1903).

Flexibility has been necessary since the courts applied the same rule of negligence to one who drove an oxcart, to one who drove a buggy or a wagon, to another who drove an automobile, and to one who pilots an airplane. In each of the situations referred to, the common law requires man to so conduct himself in the operation of the vehicle under his control as not to injure another through his negligence or carelessness. What application may be made of this accepted principle of the common law to future travel, mind of man cannot imagine.

■ It is a well known contemporary fact that the number of motor driven vehicles on the highways of this State has increased tremendously within recent years.

In 1945 there were only 472,407 registered motor vehicles of all types in Tennessee. According to the figures of the Motor Vehicle Registration Division of the Department of Revenue of the State of Tennessee, of which we take judicial notice (*State ex rel. Schmittou v. City of Nashville,* 208 Tenn. 290, 345 S.W.2d 874 (1961)), there has been an increased registration of three times or more, and as of February 29, 1964, there were 1,535,-989 registered vehicles. Of this number, there were 14,321 motorcycles which included within its general category two-wheeled cycles, two-wheeled motor bikes, two-wheeled motor scooters, and three-wheeled motor driven cycles.

■ There is not available to us the age categories of drivers licensed under the aforesaid Act, but it is common knowledge that a large percentage of those persons operating motor driven vehicles of all types are under the age of twenty-one years, and, therefore, minors.

If the standard of care insisted upon by the plaintiffs herein under the special request submitted to the trial judge is adopted as the law of this State, then we would have a double standard of care for the adult and the minor driver of a motor vehicle.

We do not think it consistent with sound logic or good reason to recognize a substandard of care for a minor in the operation of a motor driven vehicle when he may be driving at the rate of seventy-five miles per hour on an interstate highway, as he is permitted by law to do, and have under his control a motorcycle, a passenger automobile, or a truck, large or small.

It is true that the vehicle driven by Powell herein was small but, according to the proof, it had a speed capability of fifty to sixty miles per hour, although it was driven normally at speeds of thirty-five to forty miles per hour.

The special request submitted on behalf of plaintiffs is not confined to negligence in the operation of a motor vehicle; and for this reason, as well as the others appearing herein, it is erroneous.

> * * * I charge you that under the laws of this State a minor, whether in the act of operating a motor scooter or *what*, or *some other act*, is not to be held to the same degree of care in said operation as an adult of over twenty-one years of age would be. (Emphasis supplied).

[7] The assignment relating to this special request is overruled.

The State of New Mexico has an Operators and Chauffeurs License Act, which is substantially the same as the Tennessee Act. It provides in Section 64-13-47 of the New Mexico Statutes (1953), that all applicants for license shall demonstrate an "ability to exercise ordinary and reasonable control in the operation of a motor vehicle," the same language employed in T.C.A. sec. 59-707, supra.

On October 18, 1965, the Supreme Court of New Mexico released the opinion in *Adams v. Lopez*, 407 P.2d 50, and in this case a boy sixteen years of age, licensed under the New Mexico statute, was riding a motor scooter and was involved in an accident at an intersection with an automobile driven by Mrs. Lopez. The jury found against the minor plaintiff upon the proof and upon the charge of the court, which included an instruction that a minor operator of a motor vehicle should be held to the same standard of care as an adult. In disposing of the case, the Supreme Court of New Mexico said:

> We have carefully considered the statutes of this State permitting the licensing of minors to operate motor vehicles and conclude that they do not provide different standards for minors and adults. A mere reading of our motor vehicle licensing statutes makes it obvious that they were enacted for the protection of the public.

> It is our view that when the minor assumed the responsibility of operating a motor scooter upon the public streets and highways, he assumed the responsibilities of an adult for that activity, and should not be allowed to hold others responsible for his own

injuries occasioned by his departure from the standards expected of persons of mature years.

The New Mexico Court cited with approval the language contained in *Dellwo v. Pearson,* supra, viz.:

"To given legal sanction to the operation of automobiles by teen-agers with less than ordinary care for the safety of others is impractical today, to say the least. We may take judicial notice of the hazards of automobile traffic, the frequency of accidents, the often catastropic results of accidents, and the fact that immature individuals are no less prone to accidents than adults, * * *"

We think, therefore, that in the normal course of the growth and development of the law, we are required to hold under the changed and existing circumstances which now prevail, that a minor engaged in the operation of a motor vehicle upon the public roads, streets, alleys, and highways of this State is charged with the same standard of care as an adult person.

The giving of firmness and stability to principles of law evidenced by prior judicial decisions does not require the closing of doors to changed conditions, but as has been said before, the decisions of the court should be so fashioned that the new truly grows out of the old as the product of a changing environment. *Metropolitan Gov. of Nashville & Davidson County v. Poe,* 215 Tenn. 53, 383 S.W.2d 265, 277 (1964).

As a live and breathing thing, the law changes when necessary to serve the needs of the people. When this basic purpose of the law is slighted or overlooked, then it loses a high degree of its majesty.

Dean Roscoe Pound, in his Interpretations of Legal History, in 1923, put it this way: "Law must be stable, and yet it cannot stand still."

In our view the duty of care required by the Licensing Act is merely evidence of the public policy that supports the common law; that is, that every person who is required to have a license to operate a motor vehicle upon the highways of the State of Tennessee shall demonstrate to the satisfaction of the licensing official, his ability to exercise ordinary and reasonable control in the operation of a motor vehicle.

By Chapter 329, Public Acts of 1955 (T.C.A. sec. 59-801 et seq.), the Legislature has established "Rules of the Road" governing the conduct of operators of vehicles, motor and otherwise, on the highways and roads of this State. It is difficult to imagine some form of negligence on the streets and highways that is not proscribed by these Rules of the Road, since they are quite extensive and appear to be all inclusive. If highway negligence is not forbidden by requiring motorists to yield the right of way at an intersection, to pass only when clear, to follow at a safe distance, to drive on the right side of the road, and many others, it is at least covered in a "catch-all" statute (T.C.A. sec. 59-858) aimed against reckless driving.

One feature of this Act is significant for our purposes: It applies to almost *any* vehicle, including motor scooters, and *any* driver or operator thereof. T.C.A. sec. 59-801. In observance of these Rules no person is excluded because of his age.

We do not say that the conduct required in the Rules of the Road controls our decision herein, but such Rules

do evidence a legislative intent that all motor vehicles be operated in a uniformly reasonable and safe manner on the highways of Tennessee.

Finally, we hold that a minor is held to the same standard of care as an adult with respect to the operation of a motor vehicle on the highways, roads, streets, and alleys of this State.

The assignments relating to the action of the Court of Appeals in approving the charge of the court with reference to the duty of minors in the operation of motor driven vehicles are overruled. This leaves one matter relating to an occurrence after the jury had retired to consider its verdict, and then returned to the court for further instructions, and the court inquired:

Well, what is your question?

FOREMAN THOMPSON: If both parties are in the fault equally, can an award be made to the plaintiff, nor not made to the plaintiff?

THE COURT: Let me ask that question in this way, Mr. Thompson, and you Ladies and Gentlemen: If you find that the negligence of both of them was the direct and proximate cause of the accident, then the plaintiff could not recover, is that the question?

FOREMAN THOMPSON: I think that answers the question.

█ The Court of Appeals overruled this assignment for the reason that the question was indicative that the jury felt that both the plaintiff and defendant were equally at fault. We believe the response of the trial judge was correct and proper. This assignment is overruled.

The Court of Appeals is affirmed at the costs of the petitioners.

CHATTIN and DYER, JUSTICES, concur.

CRESON, JUSTICE, dissents in which he is joined by BURNETT, CHIEF JUSTICE.

MR. JUSTICE CRESON (dissenting).

With the utmost respect for my colleagues of the majority, I am constrained to dissent from the opinion of the Court in this case. In my view, the conclusion of the majority enunciates an innovation on the jurisprudence of Tennessee relating to the duty of care of a minor—that is, that in the operation of a motor vehicle upon the streets and highways of this State, a minor is onerated with the same duty of reasonable and ordinary care as that placed by the law on an adult person similarly engaged.

By way of isolating the question, I would agree with the action of the majority with respect to a supplemental instruction given by the Trial Judge; and I would concede that the record in this case reflects that there was ample evidence introduced at the trial to support a jury verdict for either the plaintiffs or the defendants. The jury, in fact, found and returned the verdict for the defendants. Such verdicts were approved by the Trial Court. The action of the Trial Court was affirmed by the Court of Appeals of Tennessee, Western Section. The Writ of Certiorari was granted by this Court and the case has been ably and fully orally argued and briefed.

The pivotal question here, under the Assignment of Error, arises out of the Trial Court's handling of instructions to the jury. In his charge, the Trial Judge

instructed the jury with respect to the minor plaintiff's duty of care, as follows:

"I charge you that a minor child, engaged in the operation of a motor vehicle upon the public roads and highways, is chargeable with the same degree of care as an adult person."

The above instruction was supplemented by the usual general charge with respect to care, negligence and contributory negligence and the effect thereof. Further posing the issue presented, the Trial Judge refused plaintiff's special request to instruct the jury as follows:

"Ladies and Gentlemen of the Jury, I charge you that under the laws of this State a minor, whether in the act of operating a motor scooter or what, or some other act, is not to be held to the same degree of care in said operation as an adult of or over twenty-one years of age would be. Rather, under the laws of this State, the standard of care by which to measure the conduct of a minor, as regards the question of contributory negligence, is that degree of care ordinarily exercised by one of the same age, discretion, knowledge and experience under the same or similar circumstances."

The Opinions of the Court of Appeals and of the majority of this Court announce a doctrine novel to Tennessee jurisprudence. The briefs of counsel, the Opinion of the Court of Appeals, and that of the majority of this Court, all seem to recognize this. It is, that in the operation of a motor vehicle on the streets and highways of Tennessee, the duty of care imposed by law upon a minor is the same as that imposed upon an adult person. It is the imposition of this standard

of care on the minor plaintiff by the Judge of the Trial Court that this Court now approves. Apparently it is intended that this adult standard of care be applied both on the question of primary negligence, as well as the contributory negligence of the minor.

The rationale of the Opinion of the Court of Appeals in this case, as I understand it, is that this adult standard of care is imposed upon the minor by virtue of the terms and provisions of the motor vehicle license statutes of Tennessee found in T.C.A. sec. 59-701 et seq., and especially T.C.A. sec. 59-704 and T.C.A. sec. 59-707. Stripping these sections of all but what is deemed to be pertinent to this case, these statutes are as follows:

"59-704. Operator's or chauffeur's license required —Exceptions.—(a) No person, except those hereinafter expressly exempted, shall drive any motor vehicle upon a highway in this state unless such person has a valid license as an operator or chauffeur under the provisions of this chapter. No person shall operate a motor vehicle as a chauffeur unless he holds a valid chauffeur's license."

"(c) The application of any person under the age of eighteen (18) years for an instruction permit or operator's license shall be signed and verified before a person authorized to administer oaths by the father, mother or guardian, or, in the event there is no parent or guardian, then by another responsible adult who is willing to assume the obligation imposed under this chapter upon a person signing the application of a minor. If, in the event the applicant for a driver's license is a female and married, her husband may sign and verify the application provided such husband is a

person capable of legally entering into contractual relationships.

(d) Any negligence or willful misconduct or violation of any motor vehicle law of this state or any municipality thereof by a minor under the age of eighteen (18) years when driving a motor vehicle upon a highway or street shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages or fines occasioned by such negligence, willful misconduct, or violation, except as otherwise provided in the next succeeding paragraph.

(e) In the event a minor deposits or there is deposited upon his behalf proof of financial responsibility in respect to the operation of a motor vehicle owned by him, or if not the owner of a motor vehicle, then with respect to the operation of any motor vehicle, in form and in amounts as required under the motor vehicle financial responsibility laws of this state, then the department may accept the application of such minor when signed by the husband over twenty-one (21) years of age, or one (1) parent or guardian of such minor, and while such proof is maintained the husband, parent or guardian shall not be subject to the liability imposed under the preceding paragraph of this section.

(f) Any person who has signed the application of a minor for a license may thereafter file with the department a verified written request that the license of said minor so granted be cancelled. Thereupon the department shall cancel the license of said minor and the person who signed the application of such minor

shall be relieved from the liability imposed under this chapter by reason of having signed such application on account of any subsequent negligence or willful misconduct of such minor in operating a motor vehicle.

(g) The department may issue to a minor between the ages of fourteen (14) and sixteen (16) years a special restricted license or permit to operate a motor driven cycle as defined in sec. 59-801, upon compliance by the minor or persons acting in the minor's behalf with all of the other provisions of this chapter, and provided further that the actual demonstration of ability to exercise ordinary and reasonable control, as provided in sec. 59-707 be made on a motor driven cycle, and provided further that the license or permit issued in accordance with this section shall show upon its face a restriction to the use of a motor driven cycle only, and any other restrictions which the department upon good cause deems necessary to impose as provided in sec. 59-708(c)."

"59-707. Examination of applicants—Exceptions.—The department shall examine every applicant for an operator's or chauffeur's license, except as otherwise provided in this section. Such examination shall include a test of the applicant's eyesight, his ability to read and understand highway signs regulating, warning, and directing traffic, his knowledge of the traffic laws of this state, and shall include an actual demonstration of ability to exercise ordinary and reasonable control in the operation of a motor vehicle."

The Opinion of the majority of this Court appears to go further than that of the Court of Appeals. That is to say, that the Opinion appears to me to hold that this Court would apply the adult duty of care both under the

motor vehicle license statutes of Tennessee and a "rule
of reason" based upon the minor engaging in an "adult
activity".

With respect to the supposed statutory change of the
duty of care of a minor, the majority of this Court take
greatest comfort from the language in each of these sec-
tions which provides, in substance, for the making by
the minor of an "actual demonstration of ability to exer-
cise ordinary and reasonable control" of his motor driven
cycle. This requirement is one of several essentials to be
met in the statutory process of obtaining a license. I do
not find the word "care" used anywhere in the Tennessee
Motor Vehicle License statutes. These statutes seem to
me to be intended to do only that which their title
indicates—that is, provide for preliminary precautionary
steps in the process of obtaining various types of motor
vehicle licenses, in order to operate various types of
vehicles on the streets and highways of the State. These
steps relate to a showing of mental and physical qualifi-
cations to operate.

Attention has been heretofore focused upon those pro-
visions of the statutes thought to be pertinent. That these
statutes do not expressly attempt to accomplish the
result which the majority Opinion ascribes to them seems
perfectly plain. It must be borne in mind that these
statutes, as thus construed, would legislate in derogation
of the common law. It thus seems to me to inescapably
follow that the majority Opinion in this case does vio-
lence to the long-established rule that such statutes are
to be strictly construed. *Southern Railway Co. v. Maples*
(1956), 201 Tenn. 85, 296 S.W.2d 870; *Harbison v. Welch*
(1953), 195 Tenn. 191, 258 S.W.2d 755. As long ago as
*Horne v. Memphis & O. R. Co.* (1860), 41 Tenn. 72, this

Court laid down the salutary admonition that "it is not to be intended that the common law was to be altered further, or otherwise, than the Act expressly declared, or it would have so said." This statement I believe to be pointedly applicable to the instant case.

The rule of reasonable and ordinary care applied to minors in negligence cases in this State over the years, and in many decisions, is as stated in *Standridge v. Godsey* (1949), 189 Tenn. 522, 226 S.W.2d 277, and cases therein cited, as follows:

"Under all the authorities the standard by which to measure the conduct of a minor, as regards the question of contributory negligence, is that degree of care ordinarily exercised by one of the same age, discretion, knowledge and experience under the same or similar circumstances."

I must state again, that a thorough reading of these licensing statutes fails to convince that they bear any such interpretation as placed upon them by the majority; and that such construction is critically violative of the rules just above stated. I find no justification whatever in them for so drastic and dramatic a change of the jurisprudence of this State as is announced in the majority Opinion. It nowise can be said that these statutes will bestow any maturity upon minor vehicular operators. Neither can or will they serve to alter the fact of life that minors will remain impetuous and less carefully apprehensive of potential peril.

As noted before, the majority Opinion seems also to approbate the so-called rule of reason based upon the "adult activity" theory. This, to my mind, is to kneel at the feet of the Golden Calf in the form of a soporific

phrase. After prolonged consideration, I am unable to demarcate the beginning or the ending of the import or the impact of this dubious phrase.

Much weight is placed in the majority Opinion upon a theory that if the usual standard of care placed upon a minor was "adopted as the law of this State, then we would have a double standard of care for the adult and the minor driver of a motor vehicle." Beyond any peradventure of a doubt, we have had this so-called double standard for many generations. It has almost forever been embedded in the common law of this State.

Also, much is said in the majority Opinion about necessary growth of the law. Again, in my opinion, if what occurs here is growth of the law; then, the law is overgrown.

In conclusion, I am convinced that if this basic fundamental rule is to be changed, that such a change should be wrought by the Legislature and not by this Court. I would reverse and remand for new trial; and I am authorized to say that Chief Justice Hamilton S. Burnett joins with me in this Opinion.