**Warren L. McINTYRE et al., Appellants,**

v.

**James L. McINTYRE, Appellee.**

Supreme Court of Tennessee.

Dec. 5, 1977.

Robert E. Rose, Memphis, for appellants.

Walker T. Tipton, Covington, for appellee.

## OPINION

HENRY, Justice.

The trial judge dismissed this action[1] for failure to state a claim upon which relief can be granted. Rule 12.02(6), Tenn.R. Civ.P. We affirm.

### I.

The pertinent factual averments of the complaint are:

Plaintiff avers that on or about April 4, 1976, plaintiff's minor son, Bob McIntyre, was visiting on the premises owned by the defendant, James L. McIntyre, in Tipton County, Tennessee.

Plaintiff would show that the defendant, with full knowledge, allowed to be maintained on said premises an attractive nuisance consisting of agricultural land which he allowed children of minor and tender ages to use to ride motorcycles; that defendant knew said area consisted of rolling hills and to be a dangerous condition, and knew same to be an attraction to children.

Plaintiff would show that said area where defendant allowed children to ride motorcycles on his premises existed for a period of time and that the defendant knew or should have known that same was a dangerous area and should have taken steps to remove and prevent children from engaging in this dangerous activity on his property.

Plaintiff would further show that, having knowledge of the activity of children riding motorcycles on his property, he failed to properly supervise and use reasonable precautions or to properly supervise the use of said premises for the activities named herein and, further, that he failed to warn the children of the dangers of said activity.

Plaintiff would further show that on or about April 4, 1976, his minor son, Bob

McIntyre, was invited and allowed to ride his motorcycle on defendant's premises at which time, while going over a hill, he collided with another minor child of tender years and was severely injured and sustained multiple contusions and abrasions and permanent injuries to his eye. . . .

■ We affirm on the authority of *Metropolitan Government of Nashville v. Counts*, 541 S.W.2d 133 (Tenn.1976). There we set out the essential elements of a suit predicated upon an attractive nuisance. None of these elements is present in the instant case. Without discussing them seriatim we simply point out:

a. Plaintiff minor was not a trespasser as he must have been to invoke the attractive nuisance doctrine.

b. There is no allegation that defendant maintained upon his premises any condition, artificial or natural, that would constitute an unusual or hidden danger. To the contrary, the complaint alleges the "attractive nuisance consist[ed] of agricultural land . . . and rolling hills." While we acknowledge the picturesque beauty of the rolling hills and majestic mountains of Tennessee and agree that they are attractive, the fortunate fact that God has strewn His splendor with such a lavish hand and blessed our state with great beauty, and has made it a veritable playground, hardly affords a reason to classify any normal topographical feature as an attractive nuisance. To so hold would subject every landowner in Tennessee to potential liability by virtue of the mere ownership of land.

c. To invoke the "playground doctrine," which is but an exception to the rather harsh requirement of attractive nuisance that the child be enticed or lured upon the property, there must be a showing of conditions involving "unreasonable risk of bodily injury and which children because of their

---

1. Actually two suits were filed, one by a father in his own right and a second by a son through his father as next friend. We treat them as a single suit since both causes of action are cognizable in a single suit. Rule 20.01, Tenn.R. Civ.Pr.

youth will fail to discover and appreciate." 541 S.W.2d at 136.

Finally, we are not impressed that a child of "tender years" would be riding a motorcycle,[2] a vehicle for which a license is required. Sec. 59–704, T.C.A. If we downgrade a motorcycle to a "motor driven cycle", the minimum age for licensing is fourteen. We, therefore, must assume that plaintiff rider was at least fourteen years of age. A minor is held to an adult standard of care when operating a motor vehicle on the highways, roads, streets and alleys of the state. *Powell v. Hartford Accident & Indemnity Co.*, 217 Tenn. 503, 398 S.W.2d 727 (1966). A motorcycle or a motor driven cycle is embraced within the definition of "motor vehicle" under Sec. 59–103, T.C.A.

We do not hold categorically that the operator of a motorcycle or a motor driven cycle could not bring himself within the attractive nuisance or playground doctrine; however, a licensed driver of such a vehicle would encounter substantial difficulty in establishing the existence of a risk "which children because of their youth will fail to discover and appreciate."

The judgment of the trial judge is

Affirmed.

COOPER, C. J., and FONES, BROCK and HARBISON, JJ., concur.

2. Any vehicle having not more than three wheels. Sec. 59–103, T.C.A.