James R. BLACK, a minor by his next friend, H.R. BLACK, Sr., Plaintiff-Appellant,

v.

Sandra L. QUINN, Defendant-Appellee.

Court of Appeals of Tennessee, Western Section, at Nashville.

Dec. 2, 1982.

Application for Permission to Appeal Denied by Supreme Court Feb. 14, 1983.

Charles Galbreath, Nashville, for plaintiff-appellant.

B.F. Lowery, Hugh E. Green, Jr., Lebanon, for defendant-appellee.

HIGHERS, Judge.

This is an appeal by James Robert Black, a minor, by his father, H.R. Black, as next friend, from a jury verdict in favor of the defendant.

Two questions are presented for review:

1. Was the trial judge correct in denying the plaintiff's motion for a directed verdict at the end of all of the proof?

2. Did the trial judge correctly instruct the jury that a minor driving a motor vehicle on the streets and highways is charged with the same duty of care as an adult?

The accident in this case occurred on September 6, 1980, at which time the minor plaintiff was eleven years of age. He and a friend, John Ledsinger, had been riding their motorcycles on some undeveloped property which they referred to as the "trails." Prior to the accident they had ridden their motorcycles to the intersection of South Greenhill and Woodlawn Streets in Mt. Juliet. They were seated on their motorcycles in a stopped position when the defendant, Sandra L. Quinn, approached on South Greenhill and made a left turn on to Woodlawn. James Robert Black, the minor plaintiff, started his Honda SL–70 and proceeded in the same direction as the defendant, traveling some distance behind her. The defendant slowed as she neared her driveway, looked into her rear view mirror and saw nothing unusual, and proceeded to turn left into her driveway. She was at that time struck on the left side of her vehicle by the minor plaintiff who was attempting to pass. The defendant acknowledges that she did not give any signal of her intention to turn; however, James Robert Black testified that he did observe defendant's vehicle slowing down and he also saw her brake lights come on before he attempted to pass. There was a conflict in the testimony as to whether the defendant pulled to the right before turning or if she turned from a straight line.

At the conclusion of the proof motions were made for directed verdicts by both parties and these were overruled by the trial judge. After argument of counsel the jury was instructed and thereafter returned a verdict for the defendant. The plaintiff moved for a new trial, but the trial judge denied the motion and approved the jury verdict.

The plaintiff objects to the following charge which was read to the jury:

A minor driving a motor vehicle on the streets and highways is chargeable with the same duty of care as an adult.

It is the contention of the plaintiff that the proper charge to the jury would have been that there is a presumption that a child between the ages of seven and fourteen years is incapable of negligence, but the presumption is not conclusive and may be rebutted by evidence of the minor's capacity for negligence. This, of course, is the general rule in Tennessee regarding the capacity of a minor for negligence. See *Bailey v. Williams,* 48 Tenn.App. 320, 346 S.W.2d 285 (Tenn.App.1960), *Prater v. Burns,* 525 S.W.2d 846 (Tenn.App.1975).

There is, however, an exception to the general rule when the minor is the operator of a motor vehicle. The rule was stated by Justice White in *Powell v. Hartford Accident and Indemnity Co.,* 217 Tenn. 503, 398 S.W.2d 727 (Tenn.1966), in which it was said:

We believe the better reasoned cases place the same duty of care upon all

operators of motor driven vehicles, regardless of age, that is, ordinary care . . .

Finally, we hold that a minor is held to the same standard of care as an adult with respect to the operation of a motor vehicle on the highways, roads, streets, and alleys of this State.

In the opinion the Court also quoted, with approval, the following language from *Wagner v. Shanks,* 194 A.2d 701 (Del.1963):

We consider it to be a matter of paramount public policy, in fact a rule of necessity, that society in general be assured that all drivers of motor vehicles upon our highways be charged with equal responsibility in the operation of motor vehicles regardless of age, or any other physical or mental disparity which may exist.

In *Mize v. Skeen,* 63 Tenn.App. 37, 468 S.W.2d 733 (Tenn.App.1971), the Court stated: "Under the holding of the Powell case a minor, operating a motor driven vehicle, is no longer entitled to a charge of the presumption he is not capable of negligence but the trial judge is required to charge the jury, as was done in this case, that such minor is held to the same standard of care as an adult."

Counsel for the plaintiff argues in his brief that the holding in *McIntyre v. McIntyre,* 558 S.W.2d 836 (Tenn.1977), limits the application of *Powell* to minors who are nevertheless *licensed* drivers. First, it should be pointed out that the Court expressly disallowed the licensing rationale as the basis for its decision in the *Powell* case. Justice Creson recognized this in his dissent when he said of the majority opinion that "this Court would apply the adult duty of care both under the motor vehicle license statutes of Tennessee and a 'rule of reason' based upon the minor engaging in an 'adult activity.'" Second, the *McIntyre* case does not turn on any particular age limit, nor does it carve out an exception to the holding in *Powell v. Hartford Accident and Indemnity Co., supra.* In fact, the opinion in *McIntyre* reiterates the principle set forth in the *Powell* case. Justice Henry said: "A minor is held to an adult standard

of care when operating a motor vehicle on the highways, roads, streets and alleys of the state." 558 S.W.2d 836 at 838.

The issue raised by the plaintiff-appellant is therefore without merit with respect to the charge of the trial court. The instruction of the court to the jury is approved as a correct statement of the law under our cases.

Now, having established the proper duty of care applicable to the minor plaintiff, we come to the question of whether the trial court erred in failing to direct a verdict for the plaintiff on the issue of liability at the conclusion of the proof.

■ Counsel for the plaintiff argues in his brief before the Court that the record is "devoid of any proof of negligence" on the part of the plaintiff and the trial judge should have directed a verdict in his favor. We do not so read the record. The defendant alleged that the plaintiff failed to maintain his motorcycle under reasonable control, failed to keep a proper lookout ahead, commenced to pass when it was not safe to do so, followed too closely, and was otherwise guilty of negligence under the statutes and the common law. The proof showed that the plaintiff proceeded behind the defendant's vehicle, saw the car slow down, saw the brake lights come on, all before he proceeded to pass her vehicle on the left. There was testimony that the accident took place approximately three hundred feet from the place where the plaintiff was sitting at the intersection when the car first passed, and that the plaintiff did not begin to move until the car had traveled a hundred feet beyond that point. He testified that he thought his speed was approximately fifteen miles per hour, but he was unable to explain how he managed to catch up with the defendant's vehicle in such a short distance. There was certainly proof upon which reasonable minds could have differed concerning whether he was traveling at a speed which was too great under the circumstances then existing and whether he was exercising reasonable and ordinary care in the operation of his motorcycle.

■ In reviewing a judgment based upon a jury verdict this Court is limited to

determining whether there is material evidence to support the verdict. In determining whether there is material evidence to support the verdict, we are required to take the strongest legitimate view of all the evidence in favor of the verdict, to assume the truth of the evidence in support thereof, allowing all reasonable inferences to sustain the verdict and to disregard all evidence to the contrary. *Crabtree Masonry Co. v. C & R. Const., Inc.,* 575 S.W.2d 4 (Tenn.1978); *Pullins v. Fentress Cty. Gen. Hospital, Etc.,* 594 S.W.2d 663 (Tenn.1979); *Truan v. Smith,* 578 S.W.2d 73 (Tenn.1979). In considering the action of the trial court in granting, or declining to grant, a motion for directed verdict, the motion must be denied if there is any dispute as to any material determinative evidence, or any doubt as to the conclusion to be drawn from the whole evidence. *Goings v. Aetna Casualty and Surety Company,* 491 S.W.2d 847 (Tenn. App.1972); *Norman v. Liberty Life Assur. Co.,* 556 S.W.2d 772 (Tenn.App.1977).

Finding no error, we affirm the judgment of the trial court as entered. Costs are assessed against the appellant.

TOMLIN and CRAWFORD, JJ., concur.