# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 6, 2000 Session

## JOHN HAPNEY, ET AL. v. JAMES WARREN, ET AL.

**Rule 3 Appeal from the Circuit Court for Sevier County**
**No. 93-537-IV     O. Duane Slone, Judge**

### FILED FEBRUARY 6, 2001

### No. E2000-00783-COA-R3-CV

---

In this case the plaintiffs are seeking damages for personal injuries received in a vehicle accident. The plaintiffs were exiting the interstate and were bumped from the rear by the vehicle driven by Mrs. Warren. While other facts relating to the accident were disputed, it was undisputed that there was no physical injury to either of the vehicles or their contents. The police were not called to the scene and no report was made. The plaintiffs filed suit to collect damages for injuries to Mrs. Hapney's neck which she claimed were received in the accident. The jury found no negligence on the part of the defendants. One of the doctors, who saw Mrs. Hapney, testified for the defendants in the case as to causation of Mrs. Hapney's injuries. In their motion for a new trial and on appeal, the plaintiffs contend that the trial court erred in admitting the testimony of the doctor. The trial court denied the motion for a new trial. The plaintiffs appeal challenging the jury verdict and the admission of the doctor's testimony. We affirm the trial court.

**Rule 3, Tenn. R. App. Pro. Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JJ., joined.

James R. Hickman, Jr., Sevierville, Tennessee, for the appellants, John and Linda Hapney.

Linda J. Hamilton Mowles, Knoxville, Tennessee, for the appellees, James and Janice Warren.

## OPINION

This is an appeal of a jury verdict for defendants wherein the plaintiffs sought damages for personal injuries received by Mrs. Hapney in an automobile accident. The jury found in favor of the defendants and the plaintiffs appealed.

## I. FACTS

In June 1992, the plaintiffs, John Hapney and his wife, Linda Hapney, along with Mrs. Hapney's brother, Harold Taylor and his wife, Elizabeth Taylor, were returning to Charleston, West Virginia, from a vacation trip to Florida. They decided to spend a couple of days in Sevierville, Tennessee. Mr. Hapney was driving his 1987 Pontiac 6000. Mrs. Hapney was a passenger in the front seat. The Taylors were riding in the back seat.

Janice Warren was driving a 1987 Oldsmobile Cutlass automobile owned by her husband, James Warren. She was directly behind Mr. Hapney as he exited down the I-40 interstate ramp to go onto Highway 66. A bumper to bumper impact occurred between the two cars, with no damage to either vehicle.

The Hapneys described the impact as being like a "big bang. It sounded like the whole back end was tore up on our car." Mr. Hapney testified that his vehicle was not yet stopped at the stop sign when the impact occurred, however, the impact was so forceful that it propelled his automobile into one lane of Highway 66. He believed that Mrs. Warren was traveling fast because of the sound and noise and jar her vehicle made when it hit the Hapney car. Mrs. Hapney had turned sideways in the front seat to talk with the Taylors when the accident occurred.

Mrs. Warren testified that she exited I-40 at the 407 exit to get onto Highway 66. There were three vehicles ahead of her. She stopped behind the other three vehicles due to oncoming traffic from the left. She let off her brake and started to ease forward, just as did the Hapney vehicle which was directly in front of her. As the Hapney vehicle got to the stop sign after rolling forward in the chain of traffic, it appeared that it was going to go on through with the right turn, since he was already committed to making the turn as his passenger door was at the stop sign. Mrs. Warren checked the traffic to the left again; no traffic was coming, and she had no reason to assume the Hapney vehicle would stop unexpectedly. Mrs. Warren testified that she was traveling no more than five miles an hour because she only let her foot off the brake and had not touched the accelerator. The vehicles hit at the point where the front end of Mrs. Warren's car was even with the stop sign.

Mrs. Warren got out of her vehicle and inquired if anyone was hurt in the Hapney vehicle It was disputed as to whether Mrs. Warren said she was at fault in the accident. It was not disputed that Mrs. Warren and Mr. Hapney checked their respective automobiles for damage and found none -- not even any to the luggage and cameras in the trunk of the Hapney vehicle. At that point, Mrs. Warren was told there were no injuries either. Mr. Hapney declined to call police to report the accident and the parties went on their respective ways.

Mrs. Hapney, however, claims she sustained injuries to her neck and shoulder as a result of the accident. She did not receive medical treatment until after she returned home.

## II. PROCEEDINGS IN THE TRIAL COURT

A jury trial was held. The jury found in favor of the defendants, attributing 100% of the fault to John Hapney and 0% to Janice Warren. The trial court judge dismissed the complaint and taxed costs to the plaintiffs.

The plaintiffs filed a motion for a new trial. The trial court denied the plaintiffs' motion for a new trial and affirmed the judgment of the jury. The plaintiffs then timely filed this appeal.

## III. ISSUES

The issues as stated by the plaintiffs are the following:

A.  Whether the verdict of the jury finding that the plaintiff, John Hapney, was guilty of one hundred (100%) percent negligence that caused the accident and not finding the defendant comparatively negligent in any amount indicates prejudice against the plaintiffs and unaccountable caprice on the part of the jury. Defendant should have been guilty of negligence as a matter of law.

B.  The trial court erred in not excluding the testimony of the neurologist relative to the speed of plaintiffs' vehicle.

    a.  The Court erred in not sustaining plaintiffs' Motion in Limine to exclude the testimony of Doctor Herman Grishaver relative to the strength of impact based on the damage to the vehicles and from giving his opinion about the possible extent of plaintiff's injuries based on that strength of impact.

    b.  The Court erred in not sustaining plaintiffs' Motion for a new trial based on this testimony and the error of the court in allowing the testimony to be heard by the jury.

    c.  Because the Doctor testified that he could not based his opinions of plaintiff's ongoing complaints on a reasonable degree of medical certainty, his entire testimony should be stricken.

## IV. LAW AND DISCUSSION

The standard of appellate review when reviewing a jury verdict approved by a trial court is whether there is any material evidence to support the verdict. Tenn. R. App. P., Rule 13(d). When addressing whether there is material evidence to support a verdict, an appellate court shall: (1) take the strongest legitimate view of all the evidence in favor of the verdict; (2) assume the truth of all evidence that supports the verdict; (3) allow all reasonable inferences to sustain the verdict; and (4) discard all countervailing evidence. Crabtree Masonry Co. v. C & R Construction, Inc., 575 S.W.2d 4, 5 (Tenn. 1978); Black v. Quinn, 646 S.W.2d 437, 439-40 (Tenn. Ct. App. 1982). Appellate courts shall neither reweigh the evidence nor decide where the preponderance of the evidence lies.

If the record contains any material evidence to support the verdict, the jury's findings must be affirmed; if it were otherwise, the parties would be deprived of their constitutional right to trial by jury. Foster v. Bue, 749 S.W.2d 736, 741 (Tenn. 1988); Brown v. Chesor, 6 S.W.3d 479, 482 (Tenn. Ct. App. 1999).

We have reviewed the record in this matter and find that the record contains ample evidence to support the jury's verdict. The jury is the ultimate judge of the credibility of witnesses, particularly where, as here, the testimony of the plaintiffs' witnesses were diametrically opposed to the testimony of the defendants' witnesses. *See generally* Lowe v. Preferred Truck Leasing, Inc., 528 S. W. 2d 38, 41 (Tenn. Ct. App. 1975); Whaley v. Rheem Mfg. Co., 900 S. W. 2d 296, 300 (Tenn. Ct. App. 1995). The trial judge approved the verdict of the jury when he denied the plaintiffs' motion for a new trial.

The jury determined that defendants were not negligent and had no liability in this matter. For that reason we decline to determine whether or not the trial court erred in including portions of the testimony of Dr. Grishaver. The testimony to which the plaintiffs object relates to the causation of the plaintiff's injuries. Since no liability was found on the part of the defendants, and we uphold the jury verdict, any error committed by the trial court in admitting Dr. Grishaver's testimony was harmless.

## V. CONCLUSION

The judgment of the trial court is affirmed and the cause remanded for such further proceedings as may be necessary consistent with this opinion and collection of costs below. Costs of appeal are adjudged against the plaintiffs, John and Linda Hapney, and their surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE